PETER STAMAS *vs.* ROBERT J. FANNING
(and three companion cases[1]).

Middlesex.    October 3, 1962. — November 2, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
& SPIEGEL, JJ.

*Proximate Cause. Motor Vehicle,* Operation. *Negligence,* Motor vehicle.

Evidence in an action, that, as the defendant was driving his automobile westerly on a two-lane road and was about thirty feet from the first automobile in an eastbound line of automobiles spaced about fifty feet apart and travelling at a moderate speed, he made a sudden left turn without any signal and without stopping and drove across the eastbound lane to go into the parking area of a restaurant, whereupon, without any contact with the defendant's automobile, the first two automobiles in the eastbound line stopped abruptly, the third went off the road to the right, and the operator of the fourth applied its brakes but it skidded to the left on wet pavement and went off the road into a telephone pole, warranted findings that the defendant was negligent and that his negligence was the proximate cause of damage to the fourth automobile and injuries of its occupants sustained in the collision with the pole; overruling *Conrey* v. *Abramson,* 294 Mass. 431.

---

[1] The companion cases are by Henry Kloza, Donald Lord, and Esther Stamas against the same defendant.

FOUR ACTIONS OF TORT. Writs in the District Court of Lowell dated October 5, 1960.

Upon removal to the Superior Court the actions were tried before *Morton, J.*, who ordered verdicts for the defendant. The plaintiffs alleged exceptions.

The case was submitted on briefs.

*George P. Jeffreys & Charles P. Tsaffaras* for the plaintiffs.

*George W. Stuart* for the defendant.

SPALDING, J. The evidence most favorable to the plaintiffs was as follows: On the day of the accident an automobile operated by the plaintiff Peter Stamas and owned by the plaintiff Esther Stamas was the fourth in a line of traffic headed easterly on Route 133 in Andover. The plaintiffs Henry Kloza and Donald Lord were passengers in the automobile. Route 133, a two-lane highway, was about thirty feet wide. "The roadway was slippery and the weather was misty." The Stamas automobile was approximately fifty feet behind the car ahead and the "other vehicles in the line of traffic were about similar distances behind the car each was following." The Stamas car and "the entire line of traffic was travelling at a rate of about twenty-five miles per hour." At a point near Wallace's Restaurant, the defendant, who was proceeding westerly on Route 133, without any signal and without stopping, made a sudden left turn and drove his automobile across the eastbound line of traffic into the parking area of the restaurant. When the defendant made the turn his vehicle was about thirty feet in front of the first car in the eastbound line. The first and second cars in that line "slammed on their brakes and avoided collision, the second car coming within inches of hitting the first car." The third car went off the road to the right. Stamas, the operator of the fourth car, applied his brakes "which were in good condition, but skidded on the wet pavement and went off the roadway to the left into a telephone pole." At no time was there any contact with the defendant's automobile. The three occupants of the Stamas car were injured and the car was damaged.

Following the introduction of the foregoing evidence, the judge, upon being informed that this was in essence the plaintiffs' case, directed verdicts for the defendant, subject to the plaintiffs' exceptions. The judge, relying on the case of *Conrey* v. *Abramson,* 294 Mass. 431, was of opinion that, even though it could have been found that the defendant was negligent, his conduct was not the proximate cause of the accident since the Stamas automobile "as the fourth car in a line of traffic was too remote from the defendant's conduct."

We are of opinion that the jury could have found that the defendant was negligent. But "negligence is without legal consequence unless it is a contributing cause of the injury." *Baggs* v. *Hirschfield,* 293 Mass. 1, 3. And a contributing cause must be a proximate, not a remote, cause. The question, therefore, narrows down to whether it can be said, as matter of law, that the conduct of the defendant was not the proximate cause of the accident. If the case of *Conrey* v. *Abramson,* 294 Mass. 431, on which the judge relied, is to be followed, the ruling must be upheld, for there is no difference of substance between that case and the case at bar.

In *Conrey* v. *Abramson,* the plaintiff was a passenger in an automobile operated by one Davis. Davis was proceeding on a highway in Reading, consisting of four lanes of travel. Lanes 1 and 2 were used by vehicles coming from Boston, and lanes 3 and 4 by vehicles going toward Boston. Davis was traveling in lane 3. A vehicle driven by one Wing was traveling in lane 3 about fifteen or twenty feet ahead of Davis. Suddenly, Wing's automobile, without warning, came to an abrupt stop. Davis, to avoid colliding with Wing's car, turned to the left, but, seeing a bus coming in the opposite direction, turned back into lane 3 and in doing so skidded into Wing's automobile. There was evidence that Wing's sudden stop was due to the fact that the defendant, who was driving the automobile ahead of him, turned without warning to the left and Wing thought the defendant's "automobile was going to pull across in front of him." Wing's car had stopped about five or six feet

behind the defendant's car at the time it was struck by the Davis car.

In upholding a directed verdict for the defendant, this court, although conceding that the question was close, said: "[The defendant] was not bound to anticipate that after he had come to a stop, and another automobile had stopped behind him, a third automobile would strike the second and a passenger in the third would be injured. The evidence was not sufficient to warrant a finding that negligence of the defendant was the proximate cause of the plaintiff's injury." P. 433.

There are situations where it can be said, as matter of law, that a cause is remote rather than proximate. Thus, when all the facts are established and there can be no reasonable difference as to the effect of them, causation becomes a question of law. *Horan* v. *Watertown,* 217 Mass. 185. *McKenna* v. *Andreassi,* 292 Mass. 213, 217. *Sullivan* v. *Griffin,* 318 Mass. 359. *Galbraith* v. *Levin,* 323 Mass. 255. But more often causation is a question of fact. *Leahy* v. *Standard Oil Co. of N. Y.* 224 Mass. 352, 364. *Dalton* v. *Great Atl. & Pac. Tea Co.* 241 Mass. 400, 404. *McKenna* v. *Andreassi, supra,* at page 217. We are of opinion that the question of causation here was one of fact, and that the case ought to have been submitted to the jury.

It was said per Knowlton, J., in *Lynn Gas & Elec. Co.* v. *Meriden Fire Ins. Co.* 158 Mass. 570, 575, "When it is said that the cause to be sought is the direct and proximate cause, it is not meant that the cause or agency which is nearest in time or place to the result is necessarily to be chosen. . . . The active efficient cause that sets in motion a train of events which brings about a result without the intervention of any force started and working actively from a new and independent source is the direct and proximate cause referred to in the cases." See discussion by Rugg, C.J., in *Wallace* v. *Ludwig,* 292 Mass. 251, 254. The fact that the Stamas car was the fourth in the eastbound line of traffic did not necessarily make the defendant's conduct a remote cause. In view of the congested traffic conditions existing today it cannot reasonably be said, as mat-

ter of law, that one who cuts across a line of traffic without warning was not bound to anticipate that such conduct would cause damage of the sort sustained by these plaintiffs. In other words, it was open to the jury to find that the negligent act of the defendant set in motion a train of events which, unbroken by any new cause, continued as an operative factor down to the time of the accident and was the proximate cause of it. Since this view cannot be reconciled with our holding in *Conrey* v. *Abramson,* 294 Mass. 431, that case is overruled.

*Exceptions sustained.*