MICHAEL J. DEMEO *vs.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY. No. 94-P-289. May 16, 1995. *Insurance*, Motor vehicle insurance, Settlement of claim. *Words*, "Reasonably clear."

The single issue before us is whether the defendant failed to "effectuate prompt, fair and equitable settlement of [a] claim[] in which liability has become reasonably clear." G. L. c. 176D, § 3(9)(*f*), as inserted by St. 1972, c. 543, § 1.

The essential facts of the controversy are not in dispute:[1] the defendant's insured (Wallace) was in her automobile travelling in the passing lane of a divided highway. The light was red at the approaching intersection, but as Wallace came closer to the intersection, the light turned green. Apparently confused about her location, Wallace stopped at the green light for about five seconds. The automobile behind Wallace stopped safely, as did the following automobile, which contained the plaintiff. The fourth automobile (Robichaud) did not stop; it hit the rear of the plaintiff's automobile, causing injuries. The defendant declined to make any offer in settlement on the ground that the Robichaud vehicle was the exclusive cause of the acci-

---

[1]We take the facts from the uncontradicted testimony of the defendant's claims specialist. The plaintiff's brief acknowledges that the facts of the accident "have never been disputed." The judge made no findings as to the facts we recite, other than that a third person, the last in a line of automobiles, struck the vehicle in front of him, causing injury to the plaintiff, the first in the line of vehicles.

dent,[2] and this suit was brought alleging a violation of G. L. c. 176D, § 3(9)(*f*). See G. L. c. 93A, § 9(1).[3]

Following a bench trial, the judge entered his findings. He concluded that the defendant did not violate either c. 93A or c. 176D.[4] The judge found that the decision of the defendant's claims specialist (Collins) to make no settlement offer was made in good faith and was not an unreasonable business judgment because (the judge found) Collins believed that the defendant had a fifty percent chance of prevailing and that the cost of defending the action was far less than the amount of the plaintiff's settlement demand.

Whether the defendant's liability in this case became "reasonably clear" calls for an objective standard of inquiry into the facts and the applicable law. See *Van Dyke* v. *St. Paul Fire & Marine Ins. Co.*, 388 Mass. 671, 677 n.8 (1983). Compare *Heller* v. *Silverbranch Constr. Corp.*, 376 Mass. 621, 627-628 (1978). Compare also *Thaler* v. *American Ins. Co.*, 34 Mass. App. Ct. 639, 642-643 (1993); *Guity* v. *Commerce Ins. Co.*, 36 Mass. App. Ct. 339, 343 (1994). The judge applied factors not relevant under the statute; the cost of the defense, the size of the plaintiff's demand, and the insurer's "business judgment" are all unrelated to the likelihood of the defendant's liability. Moreover, the judge made no independent, objective assessment, based on the evidence before him,[5] regarding the defendant's chance of prevailing at trial.

Nevertheless, we conclude that the decision would have been no different had the judge applied the required objective test of whether the defendant's liability became reasonably clear. See *Gabbidon* v. *King*, 414 Mass. 685, 686 (1993) ("It is well established that, on appeal, we may consider any ground apparent on the record that supports the result reached in the lower court"). See also *Magliozzi* v. *P & T Container Serv. Co.*, 34 Mass. App. Ct. 591, 593-594 n.5 (1993). That objective test calls upon the fact finder to determine whether a reasonable person, with knowl-

---

[2]If Wallace was negligent, and her negligence contributed to the plaintiff's injuries, she would be jointly and severally liable to the plaintiff who was without fault. See *O'Connor* v. *Raymond Indus., Inc.*, 401 Mass. 586, 591 (1988). The defendant does not dispute this rule.

[3]The plaintiff is entitled to relief under G. L. c. 93A, § 9, if his rights were affected by the defendant's violation of G. L. c. 176D, § 3(9). See *Van Dyke* v. *St. Paul Fire & Ins. Co.*, 388 Mass. 671, 675 (1983). The defendant does not challenge the applicability of G. L. c. 176D on the ground that this case involves only a single claim, see *id.* at 676, and we do not discuss the issue.

[4]In earlier proceedings in the Boston Municipal Court, there was a judgment for the plaintiff. The case, which originated in the Superior Court, was then retransferred to that court.

[5]In cases involving the allegation of an unfair claims settlement practice, the plaintiff may introduce evidence that the defendant's investigation of the facts or the law was inadequate in some material respect. See *Heller* v. *Silverbranch Constr. Corp.*, 376 Mass. at 628.

edge of the relevant facts and law, would probably have concluded, for good reason, that the insurer was liable to the plaintiff.

The closest authority to which we have been referred by the parties is *Stamas* v. *Fanning*, 345 Mass. 73 (1962), overruling *Conrey* v. *Abramson*, 294 Mass. 431 (1936), where the court held on (somewhat) similar facts [6] that "it was open to the jury to find that the negligent act of the defendant set in motion a train of events which, unbroken by any new cause, continued as an operative factor down to the time of the accident and was the proximate cause of it." 345 Mass. at 77. Thus, the court held that causation was a question of fact to be decided by the jury.

We are of opinion that on the facts presented to the judge, a reasonable person, with knowledge of those facts and the *Stamas* case, would probably conclude that the defendant was liable to the plaintiff. We have in mind the plaintiff's argument that the plaintiff need only prove, as we have said in note 2, that Wallace's conduct merely contributed to the accident. Nevertheless, we are of the opinion that the probability of the jury concluding that Robichaud — who, alone among the three trailing vehicles, was unable to stop his automobile — was *solely* responsible for the accident, see *Frazier* v. *Cordialino*, 356 Mass. 465, 466 (1969), was approximately equal to the probability that the jury would find that Wallace's five-second stop at a green light contributed to the accident. On that basis, it cannot be said that the defendant's liability was reasonably clear. Compare *Van Dyke* v. *St. Paul Ins. Co.*, 388 Mass. at 677 & n.8. The judgment, therefore, must be affirmed.

*So ordered.*

*Hans R. Hailey* for the plaintiff.
*Robert P. Turner* for the defendant.

---

[6] In *Stamas*, the defendant cut across a line of traffic without warning. The first two vehicles in the line stopped abruptly, the third went off the road, and the fourth, belonging to the plaintiff, skidded on wet pavement, went off the road, and hit a telephone pole, injuring the occupants of the plaintiff's vehicle.

