Zobel, J.
Having heard testimony, examined the exhibits, and heard counsel’s oral submissions, I make the following findings by a fair preponderance of the credible evidence and those reasonable inferences which I drew therefrom:
FINDINGS OF FACT
1. Plaintiff seeks damages from Defendant Evans-ton Insurance Company (“Evanston”) for unfair insurance settlement practices it alleges Evanston committed in connection with a fire loss occurring March 9, 1994.
2. Plaintiff settled the underlying claim against Defendant Kargatzis in July 1998 for $63,000.
3. Plaintiff has been in the catering business since 1987; at all pertinent times, Michael Schulman was Plaintiffs president, director, and sole shareholder.
4. Plaintiffs facilities were located at 15A Elm Street in Somerville, adjacent to the Ocean Reef Restaurant at 13 Elm Street. An entity controlled by Defendant Kargatzis controlled the buildings, leasing the 15A premises to Plaintiff.
5. As of March 9, 1994, Plaintiffs lease had 16 months to run.
6. On that day, a fire started in a gasoline-powered electrical generator located in the Ocean Reef Restaurant, significantly damaging Plaintiffs facilities.
7. The damage caused Defendant Kargatzis to terminate the lease.
8. Moreover, the fire rendered virtually all Plaintiffs food stock and inventory unfit for human consumption and subject to condemnation, which the Somer-ville Board of Health promptly ordered.
9. The fire also caused severe loss of furniture, equipment, appliances, and other materials utilized in Plaintiffs daily catering operations.
*555 10. At the time, Evanston had provided liability insurance coverage for 15A Elm Street, placed through Corrie Bauckham Batts of London, England. Insurance Innovators of New England (“Insurance Innovators”) represented Evanston in adjusting the loss.
11. From the plain and obvious on-site facts and the oral and written report of Michael Higgins, a forensic investigator, a reasonable insurance underwriter would have realized no later than April 30, 1994 (the date of Higgins’ report) and certainly by August 1995 (the date the present action commenced) that Evanston’s insured faced potential — indeed, probable — liability.
12. The evidence permits the inference, which I draw, and the finding, which I make, that Evanston, through the knowledge of those acting in its behalf, did in fact know of its assured’s responsibility.
13. In making this finding, I have in mind that Evanston or its agents knew at least the following:
a. The only igniting source of the fire on March 9, 1994 was the generator which was located in the insured’s restaurant located at 13 Elm Street, Somer-ville.
b. The missing and/or loose bolts, as well as the removal of the protective shield from this generator allowed gasoline to spray from the generator’s carburetor and to ignite, causing the fire.
c. Evanston’s insured had at all pertinent times retained sole control over the generator’s operation and repair for eight years.
d. The generator had never been serviced during that time.
14. No later than May 31, 1994, John Spano, the adjuster assigned to the claim, furnished Sharon Motyl, Insurance Innovators’ claims manager, a copy of his correspondence with Higgins. Higgins had examined the generator and had found bolts to be missing from the generator.
15. Subsequent reports by Spano and his replacement, George Butler gave Evanston additional information about Higgins’ examination of the generator and his conclusions as to the cause the fire.
16. At no time did Evanston or anyone acting on its behalf propose any other explanation for the cause of the fire.
17. More specifically, Defendant never suggested that the generator was defective in construction or design. In making this finding, I have in mind that although Evanston knew that Sears Roebuck & Co. (“Sears”) had supplied the generator, Evanston: never made any claim against Sears; never tendered Sears the defense of Plaintiffs action; and never sought to implead Sears. I have in mind also that Evanston, despite having more than a year to obtain an expert opinion countering Higgins’ findings and theory of causation, never did so, even up to February 22, 1999, when this case went to trial.
18. On April 18, 1995, Plaintiffs counsel, made demand upon Evanston, through Butler, for payment of $68,219 to cover only plaintiffs loss of equipment, supplies, inventory, and the like. The demand specifically deferred any claim for betterments and improvements, for the build-out of a new facility, or for business interruption, pending subsequent documentation.
19. Notwithstanding the investigational developments (or lack of them), Evanston continued to dispute liability and refused to authorize Butler or anyone else acting on its behalf to settle Plaintiffs claim.
20. Faced with Evanston’s intransigence, in August 1995, Plaintiff commenced the instant action, seeking recovery against Kargatzis for negligence, and against Evanston for failure to effect reasonable and prompt settlement, see G.L.c. 176D and G.L.c. 93A. The negligence claim settled in July 1998, for $63,000, see Finding 2, supra.
CONCLUSIONS OF LAW
1. Plaintiff seeks relief under G.L.c. 93A, §§2, 11 and 176D, §3(9) alleging Evanston’s unfair and deceptive insurance settlement practices.
2. G.L.c. 93A, §2(a):
Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.
3. G.L.c. 93A, §11 (in pertinent extract):
Any person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or unfair or deceptive act or practice declared unlawful by section two . . . may . . . bring an action ... for damages . . .
4. G.L.c. 176D, §3(9) (in pertinent extract):
[Unfair or deceptive acts or practices include] . . . [flailing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear . . .
5. A violation of G.L.c. 176D, §3(9) is evidence of a violation of G.L.c. 93A, §11, see Van Dyke v. St. Paul Fire & Marine Insurance Co., 388 Mass. 671, 676 (1983).
6. Evanston committed an unfair and deceptive insurance settlement practice because no later than April 18, 1995, the information it had received from Higgins, Spano, and Butler made plain, by any objective standard, Demeo v. State Farm Mutual Automobile Insurance Co., 38 Mass.App.Ct. 955, 956 (1995) (rescript), that Kargatzis would not escape liability. Nothing in the record suggests that Evanston obtained any *556 substantial new information between that date and July 1998, when it finally settled the liability claim.
7. Plaintiff is thus entitled to compensation for loss of use of the settlement funds for the period April 18, 1995 to July 1, 1998, that is to say, interest on $63,000 at the annual rate of 2 percent from April 18, 1995 to July 1, 1998, i.e., 38.433 percent, for a total of $24,212.79.
8. Deplorable though Evanston’s conduct may have been, it did not amount to maliciousness. Plaintiff is therefore not entitled to a multiplication of damages.
9. A statutory violation, however, entitles Plaintiff to an award of reasonable attorneys fees and costs, see G.L.c. 93A, §11 as follows:
a. For prosecuting the negligence claim against Kargatzis, the sum of $21,000, representing the one-third contingent fee paid by Plaintiff to counsel for achieving the $63,000 settlement;
b. For prosecuting the present claim against Evans-ton, the sum of $23,477, representing the total of hourly charges by Attorney Sidney Gorovitz and Attorney Laura Nadolski as described in the testimony of Mr. Gorovitz, which testimony I accept as credible. I further find that the charges are reasonable and proper, given the nature of the case, the difficulty it entailed, the settlement effort (much of which took place in my presence), and the result achieved.
ORDER
Accordingly, it is Ordered, that Judgment enter forthwith as follows:
Plaintiff to take $44,477 from Defendant Evanston Insurance Co., plus interest and costs.