Wright, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal of the entry of summary judgment for the defendant-insurer on the plaintiffs G.L.c. 93A claim for alleged unfair settlement practices in violation of G.L.c. 176D, §3 (9).
The action arose from an automobile collision on January 21,1994 in which plaintiff Reuben D. Taveras (‘Taveras”) allegedly sustained injuries as a passenger in a vehicle owned and operated by David S. Noyola-Francisco (“Noyola”). Noyola’s vehicle was stopped on the right side of Essex Street in Lynn. Noyola opened the driver’s side door to exit his vehicle, and the door struck the right rear fender of a vehicle driven by defendant Moisés Rodriquez (“Rodriquez”) and insured by defendant Arbella Mutual Insurance Co. (“Arbella”). As is clear from the Lynn Police Accident Report, the drivers have consistently and completely disagreed as to the cause of the accident from the time of its occurrence. Noyola contended that Rodriquez was driving at an excessive speed and lost control of his vehicle, causing it to skid on a patch of ice and collide with Noyola’s car door. Rodriquez’maintains that the accident occurred when Noyola opened his door into oncoming traffic and struck his passing vehicle, which was proceeding at a reasonable rate of speed.
Taveras reached a settlement with Noyola and thereafter, on January 18, 1995, forwarded a G.L.c. 93A demand letter to Arbella in which he claimed that the insurer had violated G.L.c. 176D, and offered to settle for $5,000.00. Arbella’s response letter of January 25, 1995 declined settlement on the grounds that its investigation, including an appraisal and photographs of the Rodriquez vehicle, supported Rodriquez’s account of the accident and indicated that Rodriqüez had not b een negligent.
Taveras commenced this action against both Rodriquez and Arbella on September 13,1995, and settled his negligence claim .against Rodriquez after pre-trial conference. Taveras and Arbella subsequently filed Mass. R. Civ. P., Rule 56, cross motions for summary judgment on the remaining G.L.c. 176D count. After hearing, the court denied Taveras’ motion, allowed Arbella’s and entered summary judgment for the insurer. The court ruled:
Based upon the facts and the conflicting accounts of the accident by both operators, I conclude that it is equally as likely that a fact-finder at trial would find that Noyola-Francisco was solely responsible for the accident as it would find that the defendant Rodriguez contributed to the accident by excessive speed. ‘On that basis, it cannot be said that the defendant’s liability was reasonably clear’ [citations omitted].
*40 1. Pursuant to G.L.c. 176D, §3(9) (0, unfair claim settlement practices by an insurer include “failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear....” Arbella could be held to have violated §3(9) (f) and thus G.L.c. 93A, §9[2] by failing to settle Taveras’ insurance claim only if its liability for such claim had been “reasonably clear.” Metropolitan Prop. & Cas. Ins. Co. v. Choukas, 47 Mass. App. Ct. 196, 200 (1999); Guity v. Commerce Ins. Co., 36 Mass. App. Ct. 339, 343 (1994). The burden of establishing the same was on Taveras. Pandey v. Paul Revere Ins. Co., 34 Mass. App. Ct. 919, 920 (1993). Viewing the summary judgment materials in the light most favorable to Taveras, the party opposing Arbella’s Rule 56 motion, McDonough v. Marr Scaffolding Co., 412 Mass. 636, 638 (1992), we conclude that the trial court correctly ruled that Arbella was entitled to summary judgment as a matter of law because proof by Taveras that Arbella’s liability was reasonably clear was “unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
In determining whether an insurer’s liability was “reasonably clear” for c. 176D purposes, “an objective standard of inquiry into the facts and the applicable law” must be employed. Demeo v. State Farm Mut. Auto. Ins. Co., 38 Mass. App. Ct. 955, 956 (1995). The test is “whether a reasonable person, with knowledge of the relevant facts and law, would probably have concluded, for good reason that the insurer was liable to the plaintiff.” Id. at 956-957. See also Hartford Cas. Ins. Co. v. New Hampshire Ins. Co., 417 Mass. 115, 121 (1994). In this case, the operators of the two vehicles presented diametrically opposed accounts of the circumstances and the cause of the accident in question. As the motion judge correctly determined, there is nothing in those accounts or in any other materials advanced by either party to demonstrate a greater likelihood that the accident resulted from some degree of negligence on the part of Rodriquez rather than solely from the negligence of Noyola. Given such equal probabilities, there was no “good reason” for Arbella to have concluded that it was liable to Taveras on his claim against Arbella’s insured. Demeo v. State Farm Mut. Ins. Co., supra at 957.
Taveras’ arguments to the contrary are unsupported by fact or law. His Rule 56 memorandum is predicated on the dual unfounded assumptions that because Rodriquez was the driver of one of the vehicles, he was automatically a tortfeasor liable under the comparative negligence statute for some portion of Taveras’ claimed damages; and that Arbella’s refusal to offer Taveras any money was per se a violation of G.L.c. 176D. Such arguments merely beg the question at hand and misstate both the law of negligence and c. 176D principles.
‘[Ljiability under c. 176D and c. 93A does not attach merely because an insurer concludes that it has no liability under an insurance policy [citation omitted]’ ... A plausible, reasoned legal position that may ultimately turn out to be mistaken — or simply... unsuccessful — is outside the scope of the punitive aspects of the combined application of c. 93A and c. 176D.
Guity v. Commerce Ins. Co., supra at 343. Nor did the ultimate settlement of the claim against Rodriquez prove that Arbella’s earlier refusal to satisfy Taveras’ demands violated c. 176D. Settlement to avoid the costs of litigation is not necessarily tantamount to an admission of clear liability.
2. Taveras’ brief on this appeal largely ignores his original G.L.c. 176D, §3(g) (f) *41 contentions and focuses instead on apparently new arguments that Arbella violated §3(g) (c) by “failing to implement reasonable standards for the prompt investigation of claims” and §3(g) (d) by “refusing to pay claims without conducting a reasonable investigation based upon all available information.” There is nothing in Taveras’ single complaint count against Arbella, in his Rule 56 motion and supporting memorandum, or in the motion judge’s decision and order to suggest that the question of the reasonableness of Arbella’s investigation was ever raised in the trial court. A theory or issue neither presented, nor argued, in the trial court cannot be argued for the first time on appeal. Century Fire & Marine Ins. Corp. v. Bank of New Eng.-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989); Fidelity Mgm. & Research Co. v. Ostrander, 40 Mass. App. Ct. 195, 200 (1996).
In any event, Taveras’ contentions are of little merit. His argument that Arbella failed to conduct a reasonable investigation of his claim prior to commencement of this suit would appear to be based on nothing more than what he characterizes as Arbella’s dilatory and “obfuscatory” responses to discovery requests after suit was filed.[3] At best, the argument is that if Arbella produced little in the way of discovery materials, it could not have conducted an investigation sufficient to generate enough information to justify its denial of Taveras’ claim, at least to Taveras’ satisfaction. It is apparent from the record, however, that Arbella reviewed the police accident report, Noyola’s accident report and Rodriguez’s account; examined, photographed and appraised the damage to both vehicles; and consulted with its appraisers, claims representatives and legal counsel. Taveras does not suggest what other investigative steps, if any, should have been taken, or what new or additional information could have been unearthed about this particular, relatively minor accident. Nor did Taveras offer any affidavits demonstrating that Arbella acted in bad faith or deviated from industry practices.
Accordingly, summary judgment for defendant Arbella Mutual Insurance Co. is affirmed. The plaintiff’s appeal is dismissed.
So ordered.

 Section 9(1) of G.L.c. 93A affords a right of action to “any person whose rights are affected by another person violating the provisions of clause (9) of section three of chapter one hundred and seventy-six D....”

 Obviously, this was not a Rule 56(f) situation in which the opposing party objects that summary judgment is premature because discovery is incomplete. While Taveras complained in his Rule 56 memorandum that he had not yet received the “bulk” of whatever additional materials he was seeldng from Arbella, it was Taveras who first moved for summary judgment.