## In re MALDEN MILLS INDUSTRIES, INC., et al., Debtors.

### Commerce Industry Insurance Company, et al.

v.

### E.I. Du Pont De Nemours & Company, et al.

Bankruptcy Nos. 01–47214–JBR to 01–47217–JBR. Adversary No. 01–4433.

United States Bankruptcy Court, D. Massachusetts.

May 10, 2002.

James T. Hargrove, Leonard H. Freiman, Alan M. Reisch, Goulston & Storrs, P.C., Boston, MA, for Commerce and Industry Insurance Company, et al.

Paul Michienzie, David B. Russman, John C. Barker, Michienzie & Sawin LLC, Boston, MA, for Fenwal defendants.

John A. Donovan, Jr., Kevin G. Kenneally, Andrew J. Botti, Donovan Hatem, Boston, MA, for Detector Electronics Corp.

## MEMORANDUM OF DECISION

JOEL B. ROSENTHAL, Bankruptcy Judge.

This matter came before the Court on the three motions by certain of the defendants (the "Defendants")[1] for summary judgment (the "Summary Judgment Motions").[2] The Defendants, each of whom

---

1. The moving Defendants are (i) the so-called "Fenwal Defendants" which consist of Kidde–Fenwal, Inc.; Fenwal Safety Systems; Fenwal Protection Systems; and Fenwal Incorporated (the last three of which the Fenwal Defendants assert are misnomers); (ii) Kidde Technologies, Inc., another of the "Fenwal Defendants", of which Fenwal Safety Systems is a division; and (iii) Detector Electronics Corporation.

2. There were numerous pleadings filed in support of and in opposition to the Summary Judgment Motions. They are as follows: Motion By Defendant Kidde Technologies, Inc. For Summary Judgment and Request for Oral Argument [# 33], and a supporting Memorandum of Law [# 34]; Motion By Fenwal Defendants For Summary Judgment [# 36], and a supporting Memorandum of law [# 37]; Concise Statement Of Undisputed Facts and Separate Statement of Legal Elements Submitted by Defendant Kidde Technologies, Inc., and Fenwal Defendants [# 38]; Affidavit by Paul Michienzie for Defendants Fenwal Incorporated, Fenwal Protection Systems, Fenwal Safety Systems In Support of Motion For Summary Judgment by Kidde Technologies, Inc. [# 39]; Affidavit by John F. Hannon [# 40]; Affidavit by J. Yates Par-

ker [# 41]; Motion By Defendant Detector Electronics Corporation For Summary Judgment On All Counts Of Plaintiffs' Complaint [# 44] and a supporting Memorandum of Law [# 45]; Statement filed by Defendant Detector Electronics Corporation Of Undisputed Material Facts and Legal Elements [# 46]; Appendix to Statement of Undisputed Material Facts Submitted by Defendant Detector Electronics Corporation [# 47]; Joint Motion by Defendants Fenwal Safety Systems and Detector Electronics Corporation to Strike Affidavit of John Chopin Submitted by Plaintiffs in Opposition to Defendants' Motions for Summary Judgment [# 48]; Memorandum In Opposition By Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc. To Motion For Summary Judgment by Kidde Technologies, Inc. [# 49]; Appendix By Plaintiff To Memorandum In Opposition by Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc. To Motion For Summary Judgment by Kidde Technologies, Inc., Commerce and Industry Insurance Company, Plaintiff Federal Insurance Company, Plaintiff Malden Mills Industries, Inc. [# 50]; Opposition By Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc. To Motion For Summary Judgment by Fenwal Defendants [# 51]; Response By Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc. To Concise Statement of Undisputed Facts and Separate Statement of Legal Elements Submitted by Defendant Kidde–Fenwal, Inc., and Fenwal Defendants [# 52]; Appendix (Volumes 1 thru 4) To Response by Plaintiffs To Concise Statement of Undisputed Fact and Separate Statement of Legal Elements by Defendant Kidde Technologies, Inc., and Fenwal Defendants [# 53]; Motion By Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc. To Strike Affidavit by John F. Hannon and Affidavit of J. Yates Parker and Certain Other Documents Filed by Fenwal In Support of The Various Motions For Summary Judgement [# 54]; Statement Of Additional Facts in Dispute by Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc. [# 55]; Appendix (Volumes 1 & 2) To Statement of Additional Facts in Dispute by Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc. [# 56]; Opposition By Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc. To Motion For Summary Judgment On All Counts Of Plaintiffs' Complaint by Detector Electronics Corporation. [# 57]; Response By Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc. To Statement by Defendant Detector Electronics Corporation Of Undisputed Material Facts and Legal Elements [# 58]; Affirmative Statement filed by Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc., Of Additional Facts in Dispute [# 58]; Appendix to Response To Statement by Defendant Detector Electronics Corporation Of Undisputed Material Facts and Legal Elements and Affirmative Statement of Additional Facts in Dispute by Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc. [# 59]; Affidavit of John M. Cholin [# 60]; Affidavit of David S. Weiss for Plaintiffs Malden Mills Industries, Inc., Federal Insurance Company and Commerce and Industry Insurance Company [# 61]; Motion by Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc., For Impoundment [# 62]; Reply By Defendant Detector Electronics Corporation To Objection Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc., To Motion For Summary Judgment On All Counts Of Plaintiffs' Complaint by Detector Electronics Corporation [# 65]; Reply Memorandum By Fenwal Defendants' In Support Of Motion For Summary Judgment by Fenwal Defendants [# 66]; Supplement To Affidavit of John F. Hannon. [# 67]; Reply Memorandum By Fenwal Defendants To Opposition by Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc., To Motion For Summary Judgment by Fenwal Defendants [# 68]; Reply Defendant Kidde Technologies, Inc., and Fenwal Defendants' To Response by Plaintiffs Malden Mills Industries, Inc., Federal Insurance Company, Commerce and Industry Insurance Company to Concise Statement of Undisputed Facts and Separate Statement of Legal Elements [# 69]; Opposition By Fenwal Defendants To Motion To Strike Affidavit by John F. Han-

has been sued, for among other thing, negligence and breach of contract in connection with a fire that destroyed Malden Mills Industries, Inc.'s manufacturing plant, allege that they are entitled to summary judgment as a matter of law because they had no duty to advise or warn Malden Mills, Inc. (the "Debtor" and collectively with Commerce Industry Insurance Company and Federal Insurance Company, the "Plaintiffs") of the hazards inherent in its flock manufacturing process nor did their acts or omissions cause the destruction of the Plaintiff's property. In addition the Fenwal Defendants allege that they "ei-

ther had nothing to do with Malden Mills, or do not exist as legal entities capable of being sued." The Plaintiffs oppose the entry of summary judgment because of alleged disputed issues of material fact.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334. The adversary proceeding is a non-core proceeding and the Plaintiffs have requested a jury trial. The Defendants do not consent to entry of final orders by or a jury trial in the Bankruptcy Court. This Court, however, has jurisdiction to enter orders denying summary judgment and did so previously in connec-

non and Affidavit of J. Yates Parker and Certain Other Documents Filed by Fenwal In Support o@f The Various Motions For Summary Judgement by Plaintiffs Malden Mills Industries, Inc., Federal Insurance Company, Commerce and Industry Insurance Company [# 70]; Response By Defendant Kidde Technologies, Inc., and Fenwal Defendants To Statement of Additional Facts in Dispute by Plaintiffs Malden Mills Industries, Inc., Federal Insurance Company, Commerce and Industry Insurance Company [# 71]; Affidavit by John C. Barker for Defendant Fenwal Incorporated, Defendant Fenwal Protection Systems, Defendant Fenwal Safety Systems In Support of Motion For Summary Judgment by Fenwal Defendants [# 72]; Affidavit by Joachim Muller [# 73]; The Fenwal Entities Consolidated Record Appendix (Volumes 1 Through 8) and Footnotes (Volume 1)[# 74]; Memorandum By Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc., Concisely Summarizing The Issues Raised By Motion For Summary Judgment by Kidde Technologies, Inc., and The Legal And Factual Considerations Which Dispose of Them [# 88]; Sur–Reply By Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc. To Motion For Summary Judgment On All Counts Of Plaintiffs' Complaint by Detector Electronics Corporation [# 89]; Opposition By Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc., To

Motion To Strike Affidavit of John M. Cholin Submitted by Plaintiffs in Opposition to Defendants' Motion for Summary Judgment by Detector Electronics Corporation, Fenwal Safety Systems [# 90]; Supplemental Affidavit OF John M. Cholin by Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc. [# 91]; Sur–Reply By Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc., To Reply Memorandum by Fenwal Defendants To Opposition By Plaintiffs [# 92]; Final Response By Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company and Malden Mills Industries, Inc., To Reply by Fenwal Defendants' and Kidde Technologies, Inc. and Plaintiffs Reply to Response by Fenwal Defendants [# 93]; Affidavit by Shawn L. Sullivan [# 94]; Motion by Plaintiffs Commerce and Industry Insurance Company, Federal Insurance Company, and Malden Mills Industries, Inc., For Impoundment of Papers [# 105]; Opposition By Fenwal Defendants To Motion For Impoundment of Papers by Plaintiffs Malden Mills Industries, Inc., Federal Insurance Commerce and Industry Insurance Company [# 106]; Motion By Defendant Detector Electronics To Strike Portions of Affidavit Of Shawn Sullivan, Submitted in Support of Plaintiffs' Sur–Reply To Detectors Motion For Summary Judgement [# 107]; and Motion By Defendant Kidde Technologies, Inc. To Strike Portions of Affidavit of Shawn Sullivan, Submitted in Support of Plaintiffs' Sur–Re-

tion with the Summary Judgment Motions on April 12, 2002 (the "Summary Judgment Orders") for the reasons stated on the record. Subsequently the Defendants appealed and attacked this Court's jurisdiction to enter those orders. Although this Court has jurisdiction to enter denials of summary judgment as such orders are not final, nevertheless, given the contentious nature of these proceedings and what the Court views as the Defendants' persistent attempts to stall and delay a trial in this matter, the Court vacated the Summary Judgment Orders to afford the parties an opportunity for oral argument which was held on May 1, 2002. The Plaintiffs filed a motion seeking reconsideration of the orders vacating the Summary Judgment Orders and a hearing on the motion to reconsider was held on May 1, 2002. The Court will now issue new orders denying summary judgment for the reasons set forth herein so that, in the event an appellate court were to question the validity of this Court's orders denying summary judgment, the appellate court could undertake a *de novo* review of those orders with the benefit of more complete findings and rulings before it. Before turning to the merits of the case, however, a brief examination of the Defendants' frivolous attack on this Court's jurisdiction to deny summary judgment without recommendation to the District Court will illuminate the frivolity of certain positions espoused by the Defendants including their contention that there are no disputes of material fact to be decided by a trier of fact.

## JURISDICTION TO DENY SUMMARY JUDGMENT

■■■ As an Article I court, a bankruptcy court has constitutionally limited jurisdiction. *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 87, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982). A bankruptcy court may hear and determine all core proceedings; that is, proceedings that are "integral to the core bankruptcy function of restructuring debtor-creditor rights ... [including] all necessary aspects of a bankruptcy case." *Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works, Inc.)*, 815 F.2d 165, 167 (1st Cir.1987) (citation omitted). The nonexclusive list of core proceedings set forth in 28 U.S.C. § 157(b)(2) illustrates the type of proceedings that fall under the rubric of "core." "But as to noncore matters, bankruptcy courts are precluded from making *final* determinations absent consent of the parties. 28 U.S.C. § 157(c)(2)." *Spookyworld v. Town of Berlin (In re Spookyworld)*, 266 B.R. 1, 6 (Bankr.D.Mass.2001) (emphasis added). Noncore issues may be characterized as "state or federal claims that arise between parties within a bankruptcy proceeding... [which could] survive outside bankruptcy, and in the absence of bankruptcy, would have been initiated in a state or district court'". *Id.*, quoting *Ralls v. Docktor Pet Centers, Inc.*, 177 B.R. 420, 424–25 (D.Mass.1995). Moreover disputes arising from prepetition events are often noncore. *Id.*

The parties hereto agree that the adversary proceeding is noncore. This litigation can and did exist separate from the bankruptcy prior to the commencement of the case. Its essence is a garden variety negligence/product liability/contract case governed by Massachusetts law. The Plaintiffs removed the case to this Court only because it is related to the Debtor's chapter 11 proceeding.[3] Therefore this Court's

---

ply To Kidde Technologies Motion For Summary Judgement [# 109].

**3.** On December 28, 2001 the Plaintiffs filed a Notice of Removal of the State Court Action with the Clerk of this Court pursuant to 28 U.S.C. § 1452, Fed. R. Bankr.P. 9027, and the

power to enter orders is circumscribed by the parameters of 28 U.S.C. § 157(c)(1).[4]

Section 157(c)(1) expressly provides:

A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

The jurisdictional line is clear: non-final orders are entered in this Court without report to the District Court; final orders may only be entered by the District Court.

■■■ The Defendants, while confessing a lack of familiarity with and understanding of bankruptcy and bankruptcy jurisdiction, concede that the validity of this Court's orders in the adversary proceeding turn on the issue of finality. A final order is one which "is dispositive of the entire case." BLACK'S LAW DICTIONARY 1123 (7th ed.1999). A judgment is "a court's final determination of the rights and obligations of the parties in the case," *id.* 846, while a final judgment is "a court's last action that settles the rights of the parties and disposes of all issues in controversy, except for the award of costs (and sometimes attorneys' fees) and enforcement of the judg-

ment." *Id.* 847. A denial of summary judgment is none of these.

■■■ "As applied in bankruptcy, 'final orders' are those that resolve some discrete dispute within the larger bankruptcy case. The disposition of a discrete dispute generally is considered to mean the resolution of an adversary proceeding within the bankruptcy case." *Robinson v. Robinson (In re Robinson)*, 194 B.R. 697, 700 (Bankr.N.D.Ga.1996) (citations omitted).

■■■ "The denial of a motion for summary judgment is an interlocutory ruling which establishes no more than that on the summary judgment record there are fact issues which should be submitted to the trier of fact." *Kutner Buick, Inc. v. American Motors Corp.*, 868 F.2d 614, 619 (3d Cir.1989). Generally, appellate courts "do not have jurisdiction to hear an appeal from a denial of a motion for summary judgment because the denials are not final judgments." *Rogers v. Fair*, 902 F.2d 140, 142 (1st Cir.1990) (reviewing denial of summary judgment when coupled with denial of qualified immunity); *Acevedo–Garcia v. Vera–Monroig*, 204 F.3d 1, 10 (1st Cir.2000). *See* 28 U.S.C. §§ 1291 and 1292. It is clear that the Summary Judgment Orders are not final and therefore are within the scope of authority granted to this Court.

The Defendants, however, argue that the orders are "important" and because the Summary Judgment Motions are potentially dispositive of the entire case (in the event that the Court were to have granted them), they should only be acted

---

Editor's Comment to Fed. R. Bankr.P. 9027 which provides in pertinent part that "all notices of removal must be filed in the district court and division located where the action sought to be removed is pending. Inasmuch as amended rule 9001(3) defines the clerk to mean the bankruptcy clerk, if one has been appointed, the application for removal is still filed in the bankruptcy court." Pursuant to

LR, D.Mass 201, the matter was referred to this Court.

4. Even if this were a core matter, the parties have requested and are entitled to a jury trial. Although this Court is authorized to conduct jury trials, 28 U.S.C. § 157(e), LR, D.Mass. 202, it may do so only with the consent of the parties. The Defendants have not consented.

on by the District Court. This position eviscerates bankruptcy courts' noncore jurisdiction and would, if accepted, increase challenges to jurisdiction as parties and courts wrestled with determining which orders are "important." An extreme result of the Defendants' argument might well be that every discovery ruling in a case where the monetary stakes are high, such as the instant one, would have to be reported. Such a result is not required by the Constitution or the language of Section 157(c)(1).

Moreover the Defendants misread *Spookyworld* which they argue stands for the proposition that a bankruptcy court lacks jurisdiction to rule on a summary judgment motion in a noncore matter. In that case, Judge Boroff granted summary judgment on the core claims and recommended that summary judgment be entered on the noncore claims as well. There is no question that the grant of summary judgment on the noncore claims, coupled with the grant of summary judgment on the core claims, would dispose of the entire case and therefore be a final order. Therefore Judge Boroff correctly noted he could only make recommendations to the District Court.

Because it is evident that this Court has jurisdiction to enter orders denying the Summary Judgment Motions, for the reasons set forth below, it will do so.

## BACKGROUND

On the evening of December 11, 1995 an explosion and fire erupted at and destroyed the Debtor's flock fabric manufacturing facility located in Lawrence and Methuen, Massachusetts (the "Property"). The Debtor has averred that the resulting losses total "in the hundreds of millions of dollars" and that the fire was "a substantial contributing cause to the chain of events which led to the filing of these chapter 11 cases."[5] Commerce and Industry Insurance Company and Federal Insurance Company insured the Property.

Previously in March 1993 a fire at the Debtor's flock plant injured employees, destroyed equipment and machinery, and interrupted the normal manufacturing process. Thereafter the Debtor hired consultants and experts in an effort to prevent a reoccurrence of this nature. Unfortunately on the evening of December 11, 1995 the destructive fire that spurred this litigation consumed the Property, caused severe injuries to some employees, and gave rise to secondary fires which, in turn, caused further destruction of non-Debtor property. The Massachusetts State Fire Marshall conducted an investigation into the cause and point of origin of the fire as did the Plaintiffs. The Plaintiffs concluded that the cause of both the 1993 and 1995 fires were the same, namely an ignition of nylon fiber used during the flock process.[6]

On or about December 3, 1998 the Plaintiffs commenced an action against the Defendants and others[7] in the Essex County Superior Court, docket no. 98–2266–D

---

5. Malden Mills Distributors Corp., ADS Properties Corp., and AES Properties Corp. also filed for relief under chapter 11 of the Bankruptcy code on the Petition Date. Their cases and that of the Debtor are jointly administered.

6. During the manufacturing process some flock fibers, which are highly flammable, become airborne and spontaneously ignite.

7. The additional remaining defendants are Hazards Research Corporation; Williams Fire Protection, Inc.; Williams U.S. Holdings, Inc.; WNA Inc.; Williams Plc; Williams Holdings Plc; E–V Systems, Inc.; Carl Leuders & Company; and Electrostatic Applications, Inc. (the "Non-settling Defendants"). E.I. du Pont de Nemours and Company; Bayer Corporation; Bayer A.G.; Rhône–Poulenc, Inc.; Rhône–Poulenc S.A.; and Novalis Fi-

(the "State Court Action") for, among other things, negligence and breach of contract. The State Court Action was specially assigned to Judge Allan van Gestal and set for trial in September 2003. On November 21, 2001 (the "Petition Date") the Debtor filed a voluntary petition for reorganization pursuant to chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* and on December 28, 2001 filed a Notice of Removal pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr.P. 9027.[8] The matter is a non-core "related to" proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(a). Pursuant to LR, D.Mass 201 the matter was referred to this Court.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts." Fed.R.Civ.P. 56(c), Fed. R. Bankr.P. 7056. "To defeat a motion for summary judgment, the nonmoving party must demonstrate the existence of a trialworthy issue as to some material fact." *Coyne v. Taber Partners I*, 53 F.3d 454, 457 (1st Cir.1995). "A fact is 'material' if it potentially could affect the suit's outcome." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir.1990). "An issue con-

cerning such a fact is 'genuine' if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *National Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir.), cert. denied, 515 U.S. 1103, 115 S.Ct. 2247, 132 L.Ed.2d 255 (1995). The evidence must be examined in a light most favorable to the nonmoving party and "indulge all reasonable inferences" to the nonmovant. *Garside*, 895 F.2d at 48. "On issues where the nonmovants bear the burden of proof, however, they must reliably demonstrate that specific facts sufficient to create an authentic dispute exist." *Id.* (citations omitted). The evidence needed to withstand a motion for summary judgment must be sufficiently probative of a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Prior to the removal, the Defendants sought summary judgment in the State Court Action. Those motions were not acted upon. They essentially refiled the same motions with this Court. In the Summary Judgment Motions and supporting pleadings, the Defendants argue that the evidence is undisputed that they did not owe a duty to the Debtor and, even if they did, a breach of that duty was not the proximate cause of the fire.[9] More specifi-

bres S.A. (the "Settling Defendants") settled with the Plaintiffs.

**8.** The Plaintiffs filed a Notice of Removal of the State Court Action with the Clerk of this Court pursuant to 28 U.S.C. § 1452, Fed. R. Bankr.P. 9027, and the Editor's Comment to Fed. R. Bankr.P. 9027 which provides in pertinent part that "all notices of removal must be filed in the district court and division located where the action sought to be removed is pending. Inasmuch as amended rule 9001(3) defines the clerk to mean the bankruptcy clerk, if one has been appointed, the

application for removal is still filed in the bankruptcy court."

**9.** The Fenwal Defendants also allege they are entitled to summary judgment because they are not the correct entities to be sued. When they sought summary judgment on this ground in the State Court Action, the court, in May 2000, ordered that the Fenwal Defendants stipulate which Fenwal-related entities are the appropriate defendants. The so-called misnomered defendants would then be excused. The Fenwal Defendants, some of whom have been through several corporate name changes, have not provided such a stip-

cally Detector Electronics argues that it was aware of the presence of airborne flock in the Debtor's hopper rooms and therefore had no duty to warn and protect against the dangers posed by this condition while the Fenwal Defendants contend that they were engaged only with respect to flock line 5 and that the Debtor was fully aware of the dangers posed by airborne flock as it experiences spontaneous fires from these materials on a somewhat regular basis as part of the normal manufacturing process. Although the Defendants allege that the evidence is clear, the sheer volume of pleadings filed in support of the Summary Judgment Motions would make even a true believer skeptical. The pleadings, without regard to the numerous copies, were delivered in three banker's boxes and consist of several thousand pages. There was nothing concise about the Concise Statement, or anything else filed in this matter. All of the relevant pleadings, if stacked, exceed three feet in height.

## DUTY OF CARE

 The Defendants correctly note that the existence of a duty of care is a question of law.

> Before liability for negligence can be imposed, there must first be a legal duty owed by the defendant to the plaintiff, and a breach of that duty proximately resulting in the injury. See *O'Gorman v. Antonio Rubinaccio & Sons*, 408 Mass. 758, 760, 563 N.E.2d 231 (1990); *Yakubowicz v. Paramount Pictures Corp.*, 404 Mass. 624, 629, 536 N.E.2d 1067 (1989). Whether such a duty exists

is a question of law. *Wallace v. Wilson*, 411 Mass. 8, 12, 575 N.E.2d 1134 (1991), citing *Yakubowicz v. Paramount Pictures Corp.*, supra. In determining whether the defendant had a duty to be careful, we look to existing social values and customs, as well as to appropriate social policy. *Yakubowicz v. Paramount Pictures Corp.*, supra. See *Schofield v. Merrill*, 386 Mass. 244, 251, 435 N.E.2d 339 (1982).

*Davis v. Westwood Group*, 420 Mass. 739, 743, 652 N.E.2d 567 (1995). *See also Cottam v. CVS Pharmacy*, 436 Mass. 316, 764 N.E.2d 814 (2002). The Defendants attempt to take the simple statement of the law and manipulate it into a basis for summary judgment. Their argument that this Court must determine the existence of a duty misapprehends that in the context of this case, whether and to what extent a duty existed turns on the particular facts of the case. "In general there is 'no duty to warn unless the person on whom the duty would be cast has some reason to suppose that a warning is needed.'" *DeMartin v. New York, New Haven & Hartford R.R. Co.*, 336 Mass. 261, 266, 143 N.E.2d 542, 545 (1957) (citation omitted). Conversely there is a duty to warn when the party on whom the duty to warn would be cast has a reason to know that a warning is needed. In the instant case, the Plaintiffs assert that the Defendants were hired as experts to design and install a system that would prevent or impede a fire such as the one that destroyed the Property. The Defendants assert that the Debtor alone designed the fire safety system, that they were not engaged to design the

ulation, nor, according to the Plaintiffs, have they provided copies of insurance policies. *See* Plaintiffs' sur-reply to the Fenwal Defendants' Reply Memorandum to Plaintiffs' Opposition to the Fenwal Defendants' Motion for Summary Judgment. This Court reiterated at the summary judgment argument that the

parties should resolve this issue. It benefits no one for misnomered parties to be included in the litigation but the Court will not permit any correctly-named defendants to avoid a trial on the merits by engaging in a corporate shell game nor will this Court disregard the state court order.

system, and that the system as designed and installed worked as intended. The Plaintiffs counter with, among other things, the statement of the Debtor's president to the Defendants after the March 1993 event, namely, that he wanted to be able to "sleep easy." Whether the Debtor engaged the Defendants to design a fire prevention or suppression system is precisely the type of question the trier of fact must decide. If the Defendants did owe a duty to warn, whether they failed to provide a warning as to the limitations of the system, *see, e.g., Laaperi v. Sears Roebuck & Co.,* 787 F.2d 726, 730–31 (1st Cir.1986) (duty to warn of inherent, non-obvious limitations of a smoke detector), again is for the trier of fact to determine.

The Debtor also raises a material issue of fact by offering deposition and affidavit testimony that Detector Electronics, whom the Debtor says it hired at the Fenwal Defendants' urging, was told about the problem of airborne flock and was shown a hopper room where the problem is readily observable. *See* excerpts of the Deposition of Mark Leuders and Affidavit of Shawn Sullivan.

A further example of a material factual dispute is the issue of a conversation that Shawn Sullivan, an employee of the Debtor, testified to by affidavit filed in opposition to the Summary Judgment Motions. In his affidavit Mr. Sullivan testified:

> Clive Nixon subsequently visited the mills for two meetings with the Malden Mills group which was responsible for addressing issues related to the 1993 fire. Mr. Nixon described to the group Fenwal's purported expertise and capabilities and the services it offers. In turn, the members of the group described the 1993 fire to Mr. Nixon and Amiram Inbal, then manager of flock Division, told Mr. Nixon in substance— "We don't want that to happen again.

> What do we need to do to avoid a repeat of that event? What can Fenwal do to help us?" Mr. Nixon replied that he would need to look at operations of the mill and he would provide a proposal.

Sullivan Affidavit at ¶ 6.

The Defendants, characterizing the Sullivan Affidavit as an attempt to create a fact issue, moved to strike it because they allege contradicted his previous deposition testimony and therefore was not credible. Mr. Sullivan's credibility, however, is within the purview of the trier of fact. If he was testified inconsistently, the Defendants's attorneys will, no doubt, take full advantage of their ability to impeach him.

## CAUSATION

The Defendants also argue that even if a duty exists, they cannot be held liable because their actions and omissions did not cause the Debtor's harm. "When all facts are established and there can be no reasonable difference as to their effect, causation becomes question of law, though more often it is a question of fact." *Stamas v. Fanning,* 345 Mass. 73, 185 N.E.2d 751 (1962). In the instant case the facts are not well-established; they are vigorously contested. Whether a different fire suppression system would have prevented the destruction of the Property and the ancillary damage generated by the rapid and intense nature of the deflagration is one best left to the jury.

Consequently summary judgment is not appropriate and the Court, having jurisdiction to enter orders denying the Summary Judgment Motions without submitting proposed findings and rulings to the District Court, will enter separate orders denying the Summary Judgment Motions.