## DEBRA O'LEARY-ALISON *vs.* METROPOLITAN PROPERTY & CASUALTY INSURANCE CO.

No. 99-P-638.

Norfolk. May 11, 2001. - August 2, 2001.

Present: LAURENCE, CYPHER, & DOERFER, JJ.

*Insurance,* Motor vehicle insurance, Settlement of claim, Unfair act or practice. *Consumer Protection Act,* Insurance.

At the trial of an action against an insurer alleging that it failed to effectuate prompt, fair, and equitable settlement of the plaintiff's claim against the insurer's insured driver, there was no error, considering all of the circumstances, including the insurer's knowledge of the equivocal medical evidence supporting the plaintiff's claim, in the judge's concluding that the insurer's offers of settlement were reasonable and made in good faith, despite the fact that the damage award exceeded the insurer's estimate of the plaintiff's success at trial. [217-219]

CIVIL ACTION commenced in the Superior Court Department on August 3, 1994.

The case was heard by *Thomas E. Connolly,* J.

*Michael Patrick Johnson* for the plaintiff.

*Lawrence F. Boyle* for the defendant.

CYPHER, J. After obtaining a judgment in the District Court for damages arising out of an automobile accident, Debra O'Leary-Alison brought suit in the Superior Court against Metropolitan Property & Casualty Insurance Company (Metropolitan) for its alleged failure to effectuate prompt, fair, and equitable settlement of her claim against Metropolitan's insured driver.[1] A jury-waived trial was conducted and the judge entered

---

[1]General Laws c. 176D, § 2, prohibits "unfair or deceptive act[s] or practice[s] in the business of insurance" including as an "unfair claim settlement practice[], . . . failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." G. L. c. 176D, § 3(9)(*f*). Individuals claiming injury by an insurance practice that is

a verdict for Metropolitan, finding that it had not engaged in unfair settlement practices. O'Leary-Alison argues that the judge erred because the damage award in District Court established that Metropolitan had "low balled" her claim.[2] We affirm, as the judge's findings are not clearly erroneous or inconsistent with the relevant legal standards.

On December 1, 1989, Debra O'Leary-Alison was stopped at a red light in her car when she was rear-ended by Metropolitan's insured, who was traveling between ten and fifteen miles per hour. The rubber guard on the rear bumper of O'Leary-Alison's vehicle sustained $150 in damage. Metropolitan ascertained almost immediately that its insured was wholly at fault. The insured was covered by a policy with a bodily injury coverage limit of $100,000.

O'Leary-Alison did not exhibit signs of injury at the scene. Approximately three hours later, however, while visiting an emergency room, she complained of back and neck pain. Thereafter, there was a marked discrepancy between O'Leary-Alison's claim of a debilitating back injury (supported by her chiropractor's diagnosis) and the opinions of several other physicians, including an independent medical examiner, that such a claim was not borne out by examination. A magnetic resonance image (MRI) taken on August 6, 1990, was interpreted as showing a "minimal" disc bulge. This interpretation, however, was refuted by a second physician. By August 15, 1990, O'Leary-Alison had stopped working in her secretarial job because of claimed back pain.

In June, 1991, O'Leary-Alison demanded $70,000 from Metropolitan in damages. Metropolitan offered $9,000. In November, 1991, O'Leary-Alison filed a tort action in District

---

prohibited by G. L. c. 176D, § 3(9)(f), may bring a claim pursuant to G. L. c. 93A, the consumer protection statute. *Van Dyke* v. *St. Paul Fire & Marine Ins. Co.*, 388 Mass. 671, 675 (1983).

[2]We decline to address O'Leary-Alison's arguments that the judge erred by failing to find fault with Metropolitan's internal claims manual and Metropolitan's decision to appeal the District Court judgment because the arguments are cursory and the plaintiff does not support them with proper citation to authority. Such arguments do not rise to the level of acceptable appellate advocacy. Mass.R.A.P. 16(a)(4), 365 Mass. 762 (1974). *Cameron* v. *Carelli*, 39 Mass. App. Ct. 81, 85 (1995).

Court against the insured, indicating damages of less than
$25,000. Over several months, Metropolitan increased its offer
from $9,000 to $9,500, then to $11,500, and then to $15,650. In
February, 1993, following a determination by one of O'Leary-
Alison's doctors that she had thirty percent permanent dis-
ability, O'Leary-Alison increased her demand to $75,000.

In April, 1993, an attorney for Metropolitan recommended a
settlement offer in the range of $20,000 to $25,000, noting the
possibility of an award of damages in the range of $30,000 to
$40,000, or even as high as $60,000, if the case went to trial.
As of April 21, 1993, Metropolitan had established a reserve of
$35,800 to cover the plaintiff's claim. Thereafter, Metropolitan
offered $20,000, which O'Leary-Alison refused.

On February 7, 1994, the District Court judge awarded
O'Leary-Alison damages of $125,000 (reduced by personal
injury protection [PIP] benefits of $8,000), plus interest and
costs, which resulted in a total judgment of $151,028.55.
Metropolitan appealed the decision to the Appellate Division of
the District Court. On February 14, 1994, O'Leary-Alison sent
Metropolitan a demand letter pursuant to G. L. c. 93A.
Metropolitan responded by denying any unfair or deceptive acts
or practices, but later attempted to settle the matter with an of-
fer of $50,000.

Before the appellate division issued a decision, the parties
settled the matter for the policy limit of $100,000 and O'Leary-
Alison executed a release of the insured from further liability,
although she did not relinquish her claim against Metropolitan
for unfair settlement practices.

The Superior Court judge found that Metropolitan's $20,000
offer and corresponding refusal to pay the $75,000 demand was
reasonable since the claim was based on equivocal medical
evidence. O'Leary-Alison had incurred only $13,146 in medical
expenses and lost wages and had indicated less than $25,000 in
damages when she filed her tort action against the insured.
Furthermore, relying on *Parker* v. *D'Avolio*, 40 Mass. App. Ct.
394, 402 (1996), the judge ruled that the District Court's award
of $125,000 was not determinative of the reasonableness of
Metropolitan's offer because Metropolitan's inability to predict
the ultimate damage award did not reflect bad faith. Based on

these findings, the judge ruled in favor of Metropolitan and concluded that "Metropolitan acted fairly and reasonably in its pre-trial offers to the plaintiff, in appealing the apparently excessive damage award, and in its conduct of post-trial negotiations to prevent personal liability to its insured."

*Discussion.* Resolution of a G. L. c. 93A claim, including the issue of bad faith, depends on a factual determination of the defendant's knowledge and intent. See *Williams* v. *Gulf Ins. Co.*, 39 Mass. App. Ct. 432, 436 (1995); *Bolden* v. *O'Connor Café of Worcester, Inc.*, 50 Mass. App. Ct. 56, 66-67 (2000). We will not disturb a judge's ultimate finding in a c. 93A claim unless the finding is clearly erroneous or inconsistent with the relevant legal standards. *Marlow* v. *New Bedford*, 369 Mass. 501, 508 (1976). *Clegg* v. *Butler*, 424 Mass. 413, 420 (1997).

An insurer's duty to settle arises when "liability has become reasonably clear." G. L. c. 176D, § 3(9)(*f*). *Clegg* v. *Butler, supra* at 421. Liability, as the word is used in this context, "encompasses both fault and damages." *Ibid.* Conversely, insurers do not have an obligation to settle as to an insured whose liability is not reasonably clear. *Van Dyke* v. *St. Paul Fire & Marine Ins. Co.*, 388 Mass. 671, 677 (1983). *Premier Ins. Co. of Mass.* v. *Furtado*, 428 Mass. 507, 509 n.5 (1998). The relevant inquiry is whether Metropolitan reasonably believed that its insured's liability with respect to damages was not clear. See *Bolden* v. *O'Connor Café of Worcester, Inc., supra* at 67.

To determine when an insured's liability became "reasonably clear" an objective test is used. The fact finder determines "whether a reasonable person, with knowledge of the relevant facts and law, would probably have concluded, for good reason, that the insure[d] was liable to the plaintiff."[3] *Demeo* v. *State Farm Mut. Auto Ins. Co.*, 38 Mass. App. Ct. 955, 956-957 (1995). In the circumstances of this case, where fault was not at issue, the inquiry is limited to damages.

Here, the judge found that Metropolitan had multiple reasons

[3]Relevant evidence may include insurance industry practices in similar circumstances, expert testimony that the insurer violated sound claims practices, the defendant's own evaluation of the plaintiff's claim, and advice given to the insurance company on the probability of success at trial. *Bolden* v. *O'Connor Café of Worcester, Inc., supra* at 67 n.16.

to be skeptical of O'Leary-Alison's damage claims because an independent medical examiner found no physical condition warranting treatment, other medical reports were either equivocal or did not reveal any abnormalities, the accident was a low impact collision, she did not complain of any pain or injury at the scene of the accident, and she continued working months after the accident. Furthermore, Metropolitan solicited independent advice from examining physicians and from trial counsel involved in the underlying action that indicated that the extent of O'Leary-Alison's injuries was not reasonably clear.

Accordingly, the judge did not err in his ultimate finding that the liability of Metropolitan's insured was not reasonably clear and that Metropolitan's offers to the plaintiff were not made in bad faith. See *Premier Ins. Co. of Mass.* v. *Furtado*, *supra*; *Parker* v. *D'Avolio*, 40 Mass. App. Ct. at 402. Contrast *Metropolitan Property & Cas. Ins. Co.* v. *Choukas*, 47 Mass. App. Ct. 196, 199-201 (1999) (where insured was 100% at fault and insurer "knew" claimant had suffered serious injuries and that he had been disabled for over thirty weeks, insurer's refusal to make a settlement offer violated c. 93A and c. 176D); *Williams* v. *Gulf Ins. Co.*, 39 Mass. App. Ct. at 436-437 (where there was no issue of fault and insurer and insured agreed upon exact amount of damages, yet insurer refused to pay demand, insurer violated c. 176D and c. 93A).

An insurer's good faith, but mistaken, valuation of damages does not constitute a violation of c. 176D. See *Parker* v. *D'Avolio*, *supra* at 395 (defendants' offer of $25 to plaintiff who subsequently obtained $1,250,000 verdict did not violate c. 93A because there was no evidence that defendants deliberately attempted to derail settlement process or litigate a claim in which causation and damages were clear); *Bolden* v. *O'Connor Café of Worcester, Inc.*, 50 Mass. App. Ct. at 67. See also *Peckham* v. *Continental Cas. Ins. Co.*, 895 F.2d 830, 835 (1st. Cir. 1990) ("So long as the insurer acts in good faith, the insurer is not held to standards of omniscience or perfection; it has leeway to use, and should consistently employ, its honest business judgment").

Considering all of the circumstances, including Metropolitan's knowledge of the equivocal medical evidence supporting

O'Leary-Alison's claim, it was not error for the judge to conclude that Metropolitan's offers of settlement were reasonable and made in good faith, despite the fact that the damage award exceeded Metropolitan's estimate of O'Leary-Alison's success at trial. See *Parker* v. *D'Avolio, supra*; *Bolden* v. *O'Connor Café of Worcester, Inc., supra*.

*Judgment affirmed.*