Neel, J.
Plaintiff seeks separate and final judgment on Counts I-X against the medical defendants, following a jury verdict for those defendants. The insurance defendant, Controlled Risk Insurance Company of Vermont, Inc. a/k/a Risk Management Foundation (CRICO), opposes the motion, cross moves for an order lifting the stay against Count XI against it, and argues that the jury’s verdict renders Count XI “ripe for disposition now.”
Specifically, CRICO argues that “the jury’s verdict for the Medical Defendants, coupled with the fact that the Court subsequently denied plaintiffs’ motion for a new trial, vindicated the ‘reasonableness’ of CRICO’s position that the treatment rendered to Brown by the Medical Defendants was consistent with the applicable standard of medical care.” Opposition, at 7. CRICO asserts that it based its decision on “all available information, including that provided by experts retained by CRICO on behalf of the Medical Defendants.”
Plaintiffs appear to agree with CRICO in one respect: “If the Juiy’s special Verdict were to survive on appeal, Count XI would ‘die of natural causes.’ ” Motion at 2, n. 1. Whether plaintiffs intend that statement to convey a legal or a strategic conclusion is unclear. Nevertheless, both parties appear to assume that the juiy’s verdict, or the outcome of plaintiffs’ appeal thereof, determine the question of CRICO’s liability under G.L.c. 93A.
Massachusetts appellate decisions suggest, and may require, a contrary conclusion. In Bolden v. O’Connor Cafe of Worcester, Inc., 50 Mass.App.Ct. 56 (2000), the plaintiff in a dramshop case obtained a jury verdict in her favor, then settled with the defendant and received an assignment of defendant’s claim against its insurer, to which plaintiff then sent a G.L.c. 93A demand letter. Following settlement, plaintiff and defendant sought to dismiss defendant’s appeal; the insurer sought to intervene to prosecute the appeal, arguing that in a separate suit against it under G.L.c. 93A, it would be unable to reopen the issue of defendant’s (the insured’s) liability. The court, affirming the trial judge’s denial of the motion, characterized the insurer’s argument as follows:
Were the [insurer] able to appeal successfully, the argument goes, with the result that [insured] was no longer liable, then the [insurer] would be home free in the G.L.c. 93A lawsuit it faces for unfair settlement practices. The [insurer] explains it thus: it could not be faulted in the G.L.c. 93A case for not having made fair offers in the tort case once [insured’s] liability became reasonably clear because [insured] never was liable at all and its liability, accordingly, could never have been reasonably clear.
Id. at 63.
Noting that “no one suggests that the dramshop suit would have res judicata or collateral estoppel effect on the G.L.c. 93A case,” id. at 64, the court concludes as follows:
The issues to be determined in the G.L.c. 93A claim do not in fact concern [insured’s] actual liability. The [insurer’s] settlement practices could be entirely without fault and the [insurer] accordingly immune from G.L.c. 93A liability, yet the dramshop juiy could still have found [insured] liable for dram-shop liability. The insured need not show at the G.L.c. 93A trial that [insured] was without fault. What the [insurer] must instead do there is show that its settlement offers in the dramshop case were reasonable and made in good faith, given its own knowledge at the time of the relevant facts and law concerning the Boldens’ claim... The resolution of the G.L.c. 93A claim, including the issue of bad faith, will depend upon a factual determination of the [insurer’s] knowledge and intent. . . [T]he [insurer] need only demonstrate that [insured’s] liability was not “reasonably clear” to the [insurer], not to the juiy that heard the dramshop liability case.
Otherwise put, notwithstanding what the dram-shop liability juiy concluded about [insured’s] liability, what matters in the G.L.c. 93A case is whether the [insurer] reasonably believed that [insured’s] liability was not clear, or was unreasonable in holding that belief. “So long as the insurer acts in good faith, the insurer is not held to standards of omniscience or perfection; it has leeway to use, and should consistently employ, its honest business judgment."... Because [insured’s] actual liability will not be “retried” in the G.L.c. 93A suit, we conclude that the [insurer] will be able to defend itself without impairment on the relevant issues in the G.L.c. 93A suit.
*768 Id. at 66-67 (citations omitted). The court further concludes that the insurer had failed to present any “common question of law or fact within the present [underlying dramshop] case, as required by rule 24(b)(2).” Id. at 70. Addressing the jury’s award as a basis for damages in the G.L.c. 93A case, the court notes that
even when bad faith is found . . . the “actual” damages are those losses which were the foreseeable consequence of the insurer’s unfair or deceptive conduct. Thus, it appears that in the present situation, only if the fact finder in the Boldens’ G.L.c. 93A lawsuit were to conclude that the twenty million dollar judgment in the dramshop liability tort suit was both the measure of [insured’s] actual damages and the foreseeable consequence of a bad faith unfair settlement practice by the [insurer], would the underlying judgment be doubled or trebled as damages.
Id. at 59, n.9.
All of which is to suggest that the juiy’s verdict in the underlying case is not determinative either of liability or damages in a G.L.c. 93A claim. To be sure, Bolden involved a case where the juiy found for plaintiff, while here the opposite is true.[1] However, if the principle is, as Bolden seems to say, that hindsight from a juiy’s verdict is not the standard by which an insurer’s conduct is judged under G.L.c. 93A, then the distinction should make no difference. A case cited by CRICO is instructive. In Van Dyke v. St. Paul Fire and Marine Ins. Co., 388 Mass. 671 (1983), after the plaintiffs obtained a juiy verdict in the underlying case, the insurer moved for summary judgment. The court, affirming entry of summary judgment, notes from the insurer’s uncontroverted supporting affidavits that,
after the G.L.c. 93A complaint was filed in this action, St. Paul received independent advice from an expert witness and trial counsel, involved in the underlying action, that indicated that liability was not reasonably clear. This advice suggested a reasonable prospect of success at trial, and, if that advice had been in St. Paul’s possession when it rejected the plaintiffs’ G.L.c. 93A demand, the refusal to settle would not have violated G.L.c. 176D, §3(9) (d) or (f). Liability would not have been reasonably clear.
Id. at 677. Assume that an insurer, responding to a demand, concludes that liability is reasonably clear, and in bad faith refuses to make a settlement offer, and that thereafter a jury finds for the defendant in the underlying case. That a particular jury decides for the defendant is not to say that another jury, or even most juries, would not find for the plaintiff, and so is not necessarily determinative of whether liability was reasonably clear before the fact, when the insurer was responding to plaintiffs’ demand.[2] Where the underlying claim against the insured, and the G.L.c. 93A claim against the insurer, share no “common question[s] of law or fact,” Bolden v. O’Connor Cafe of Worcester, Inc., 50 Mass.App.Ct. at 70, and where there is therefore no res judicata or collateral estoppel effect, it is difficult to see how the claim against the insurer can be determined by a verdict in the underlying case, whether for plaintiff or defendant. Rather, the test is objective, and requires the fact finder in the G.L.c. 93A case to determine “whether a reasonable person, with knowledge of the relevant facts and law, would probably have concluded, for good reason, that the insure[d] was liable to the plaintiff.” O’Leary-Alison v. Metropolitan Property & Cas. Ins. Co., 52 Mass.App.Ct. 214, 217 (2001), quoting Demeo v. State Farm Mut. Auto. Ins. Co., 38 Mass.App.Ct. 955, 956-57 (1995).
The Court need not decide the question just addressed for purposes of the present motion. The analysis is helpful, however, to a determination of whether there is any just reason for delay of entry of judgment on the juiy’s verdict on Counts I-X. The Court declines to enter judgment on Count XI, as urged by CRICO, and instead will set a schedule for discoveiy, dispositive motions, and, if necessaiy, trial of that Count. Because a juiy’s verdict on the underlying claims (Counts I-X) may be relevant to damages in Count XI (see reference above to the court’s discussion of that issue in Bolden), any appeal of a judgment on Count XI should be considered together with appeal of the judgments on Counts I-X. Accordingly, plaintiffs’ motion for entry of judgment under Rule 54(b) will be denied.

ORDER

For the reasons stated above, plaintiffs’ Motion for a Separate and Final Judgment under Mass.R.Civ.P. 54(b) is DENIED. It is further ORDERED that the stay as to Count XI is VACATED; that discoveiy as to that count shall be completed by June 6, 2003; that dis-positive motions and oppositions shall be filed pursuant to the rules not later than July 10, 2003; that any such motions shall be heard at 3 p.m. on July 17, 2003; and that counsel shall appear for a pretrial conference at 3 p.m on September 18, 2003.

But there is a telling similarity: the insurer’s argument in Bolden was that it would be “home free” if it were to succeed in overturning, on appeal, the verdict against its insured. Here, CRICO already has a favorable jury verdict in hand. CRICO’s argument that it is “home free” by virtue of that verdict is difficult to distinguish from the argument rejected by the court in Bolden.

If in the underlying case, the trial judge were to have allowed a motion for directed verdict after the plaintiffs evidence, an argument that liability was never reasonably clear has weight; but where the judge has submitted the case to the juiy, the judge has concluded that there are issues of fact as to which a fact finder could find either for plaintiff or defendant.