Wright, J.
This is a Dist./Mun. Cts. RAD. A., Rule 8C, appeal by the plaintiff of the Mass. R. Civ. R, Rule 12(b)(6), dismissal of his amended complaint which sought G.L.c. 93A damages for the defendants alleged unfair claim settlement practices in violation of G.L.c. 176D.
The origin of the parties’ dispute was an automobile accident on February 4, 1999. Jose Lopez (“Lopez”) sustained injuries in that accident while riding as a passenger in a vehicle insured under a standard Massachusetts automobile insurance policy purchased from defendant Commerce Insurance Co. (“Commerce”). Commerce received notice of the accident on February 6,1999, and a Personal Injury Protection (“PIP”) application and health affidavit from Lopez on March 16, 1999.[1] Lopez was treated for his injuries by the plaintiff, Dr. Ian Boehm (“Boehm”), and Commerce received Boehm’s initial bills and treatment records on March 22,1999.
Prior to receiving Lopez’s PIP application, health affidavit, or any medical bills or treatment records, Commerce ordered Lopez to undergo an “independent medical examination” (“IME”) at Northeast Medical Evaluation. The IME was performed on or before March 4,1999 by a Dr. Robert Pennell (“Pennell”). In a report to Commerce dated March 4,1999, Pennell opined that the mild “cervical strain, with headaches” and “acute low back strain” sustained by Lopez only four weeks earlier were “resolved.”[2] Pennell did not review any “x-rays or diagnostic studies” of Lopez or any medical bills or treatment records before concluding that further treatment was unnecessary. Based solely on this IME, Commerce denied PIP payments for any medical treatment provided after March 4, 1999. The record does not disclose when that position was communicated to Boehm or Lopez.
Commerce’s denial of PIP benefits resulted in Boehm’s commencement of a G.L.c. 90, §34M action to recover PIP medical payments, attorneys fees and costs on May 1, 2001. On September 6, 2001, Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001) was issued, permitting automobile insurers to avoid statutory attorney’s fees and costs after a §34M' action is commenced by making full PIP payment of the medical bills at issue before judgment is entered. Commerce did not raise Fascione at the pre-trial conference on November 20,2001, and trial was scheduled for January 17, 2002. On January 2, 2002, Commerce mailed full payment of the *40 $1,275.00 in unpaid medical bills to Boehm’s counsel and marked a motion for summary judgment on the scheduled trial date.
After hearing, the trial court allowed Commerce’s summary judgment motion based on Fascione. The court also allowed Boehm’s motion to amend his complaint. Boehm filed a thirteen-count amended complaint on February 6, 2002 to recover G.Lc. 93A damages for, inter alia, Commerce’s alleged failure to conduct a reasonable investigation in violation of G.Lc. 176D, §3(9) (d), failure to affirm or deny coverage within a reasonable time after proof of loss in violation of G.L.c. 176D, §3 (9) (e), failure to effectuate a prompt and fair claim settlement in violation of G.Lc. 176D, §3(9) (f) and failure to acknowledge and act reasonably promptly upon communications of claims in violation of G.Lc. 176D, §3(9) (b). Commerce’s Rule 12(b) (6) motion to dismiss the amended complaint was allowed by the trial court, and this appeal followed.
1. The facts outlined above are taken in large measure from the parties’ summary judgment materials which were before the trial court on Commerce’s Rule 56 motion, and are set forth only as general background for Boehm’s G.Lc. 93A amended complaint. The sole issue on this appeal is the trial court’s Rule 12(b) (6) dismissal of that complaint. We treat Commerce’s Rule 12(b)(6) motion as it was captioned because there is no indication in the record that the judge considered the parties’ summary judgment materials in deciding the dismissal motion, Sweet Basil, Inc. v. Kopp, 1997 Mass. 103 n.3, citing Cousineau v. Laramee, 388 Mass. 859, 860 n.2 (1983), thereby converting it to a motion for summary judgment Such a conversion would have required notice and an opportunity to present additional materials. Gomes v. Metropolitan Prop. & Cas. Ins. Co., 45 Mass. App. Ct. 27, 32 (1998). But cf. White v. Peabody Constr. Co., 386 Mass. 121, 127-128 (1982). None was given.
Despite Commerce’s castigation of Boehm’s G.Lc. 93A claims as postrFascione afterthoughts, there is also no question on this appeal as to the propriety of the trial court’s allowance of Boehm’s motion to amend his complaint. Pursuant to Mass. R. Civ. P., Rule 15(a), leave to amend “shall be freely given,” see generally Hubert v. Melrose-Wakefield Hosp. Ass’n., 40 Mass. App. Ct. 172, 175 (1996), and the decision to grant a motion to amend “lies within the broad discretion of the trial judge.” Harvard Law School Coalition for Civil Rights v. President & Fellows of Harvard College, 413 Mass. 66, 72 (1992). More to the point, Commerce has not appealed the allowance of Boehm’s motion.
2. Thus the narrow issue before us is the legal sufficiency of Boehm’s amended complaint It is elementary that a complaint may not be dismissed under Rule 12 (b) (6) “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim.” Nader v. Citron, 372 Mass. 96, 98 (1977). In making this determination, all complaint allegations, and all reasonable inferences that may be drawn therefrom, must be accepted as true. Ciardi v. Hoffman-La Roche, Ltd., 436 Mass. 53, 55 (2002).
All that a plaintiff need do to resist such a motion is present a complaint that does no more than ‘sketch the bare silhouette of a cause of action.’... The plaintiff is to be given the benefit of any doubt... and must prevail over the [Rule 12(b)(6)] motion unless it appears with certainty that he is entitled to no relief under any combination of facts that could be proved in support of his claims. ... In passing on a Rule 12(b)(6) motion, the court is not to consider the unlikelihood of the plaintiff’s ability to produce evidence to support otherwise legally sufficient complaint allegations ... ‘notwithstanding expressions of denial and incredulousness as to the ultimate proof by the defendants’ [citations omitted].
Brum v. Dartmouth, 44 Mass. App. Ct. 318, 322 (1998) and cases cited. Based on these criteria, we conclude that Boehm satisfied the “relatively light burden to be carried in maintaining a complaint.” Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998), and that Commerce’s dismissal motion should have been denied.
*41 It is undisputed that a G.L.c. 93A action may be brought for unfair claims settlement practices. See Hopkins v. Liberty Mut. Ins. Co., 434 Mass. 556, 564 (2001). Boehm’s amended complaint counts, which allege, inter alia, Commerce’s failure to conduct a reasonable investigation of his claim, to effect a fair and timely settlement, to make prompt payments as required by G.L.c. 90, §34M and to issue payments or an explanation of a denial in a timely manner under §34M, are adequate statements of such a G.L.c. 93A cause of action legally sufficient to survive a preliminary challenge under Rule 12(b) (6).
Commerce argues, in effect, that its payment of Boehm’s bills on January 2, 2002 is a complete defense, pursuant to Fascione, to Boehm’s G.L.c. 93A claims. Boehm points out that the payment came eight months after suit was filed, discovery completed and trial imminent, was made approximately three years after reasonable proof of Boehm’s medical services was furnished, and that these points in time were well beyond both the thirty days required for payment by the PIP statute and what seems reasonable for an investigation of the claim. In any event, “[w]hether the insurer eventually pays the claim and honors the contract, its method of conducting the claims settlement process, and the payment strategy it adopts, can implicate liability under c. 176D, and then under c. 93A.” Schwartz v. Travelers Indemnity Co., 50 Mass. App. Ct. 672, 676 (2001). Moreover, Commerce is simply incorrect if it is suggesting that Fascione effectively rewrote G.L.c. 176D and G.L.c. 90, §34M to eliminate the fair claims settlement requirements imposed upon insurers by those statutes.[3] On the contrary, the Supreme Judicial Court expressly noted in Fascione that:
it was unnecessary for the Legislature to provide the kind of remedies that Fascione seeks under §34M in order to punish insurers that fail to pay PIP benefits reasonably promptly. One month after the Legislature amended G.L.c. 90, §34M ... it enacted G.L.c. 176D, §3 ... prohibiting unfair claim settlement practices, including the failure to ‘acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies,’ G.L.c. 176D, §3(9) (b); and the failure to ‘affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed,’ G.L.c. 176D, §3(9) (e). Injured parties can bring a private action for such unfair settlement practices under G.L.c. 93A, §9. [citations omitted] A successful party under G.L.c. 93A, §9, can recover multiple damages, costs, and attorney’s fees, as well as other equitable relief deemed necessary and proper.
Fascione v. CNA Ins. Cos., supra at 95-96. Therefore, even in cases where summary judgment may have been allowed as to a claim under G.L.c. 90, §34M because of an insurer’s PIP payment during the course of the litigation, it is appropriate for the court to consider a separate claim brought pursuant to G.L.c. 93A.
Accordingly, the trial court’s allowance of the defendant’s Rule 12(b) (6) motion to dismiss is reversed, the judgment for the defendant is vacated, and this case is returned to the Lynn Division for further proceedings.
So ordered.

 The affidavit stated that Lopez had no health insurance.

 After suit was commenced, Pennell filed an August 27,2001 “addendum” to his March 4,1999 report in which he indicated that Lopez had “minimal” symptoms on March 4th, but did not require “active” treatment.

 It should be unnecessary to make the obvious point that courts do not rewrite statutes, Wakefield Teachers Assn. v. School Committee, 431 Mass. 792, 801 (2000); Duracraft Corp. v. Holmes Prod. Corp., 42 Mass. App. Ct. 572, 579-580 (1997), or disregard or eliminate statutory requirements in derogation of the Legislature’s intent. First Nat’l Bank, Boston v. Bernier, 50 Mass. App. Ct. 756, 759 (2001).