Fishman, J.
The plaintiff, Kay Construction Corp. (“Kay”), filed this action against the defendants, Control Point Associates, Inc. (“Control Point”), Bohler Engineering, P.C., and Ludwig C. Bohler (together, “Bohler”), and Security Insurance Company of Hartford (“Security”), seeking damages from a surveying error from Control, an indemnity given by Bohler, and on account of unfair settlement practices by Security. Before this Court are (1) Kay’s motion to compel the production of documents and further answers to interrogatories from Security, as well as responses to questions asked of deponents Nancy Rigassio and Raymond C. Rubino; (2) Kay’s Further Motion to Compel discovery from all defendants; (3) Kay’s motion in limine; (4) Control Point’s and Bohler’s motion for a protective order and for a stay and bifurcation of Count VI; and (5) Security’s Renewed Motion to Sever and Stay Count VI. Following a hearing, the plaintiffs motions to compel are ALLOWED, in part, and DENIED, in part; the plaintiffs motion in limine is reserved for the trial judge; the defendants’ requests to stay discovery are DENIED; and the defendants’ motions to sever or bifurcate are reserved for the trial judge.
BACKGROUND
In a Memorandum of Decision and Order, dated August 15, 2002, Judge Agnes of this court granted Kay summary judgment against Control Point on the issue of liability [15 Mass. L. Rptr. 203]. The court also denied Security’s motion to stay Count VI (alleging violations of G.L.c. 93A, 11) upon a determination that because the insured was deemed liable, a G.L.c. 93A claim against the insurer (Security) was not premature. Security’s motion for reconsideration of the denial of a stay was denied by Judge Agnes, in an Order dated October 10, 2002, upon the express finding that Security’s request for a stay of discovery was not warranted because
(1) It is premature to grant relief with regard to Count VI because Security may have information relative to “damage control” that the [plaintiff] is entitled to discover in connection with other claims and (2) not everything in the insurer’s files is protected from discovery even though it was acquired and developed after the conduct of the insured that gave rise to the litigation.
Kay has propounded interrogatories and requests for production of documents seeking Security to disclose information relating to its investigation of Kay’s claims against Control Point, including Security’s claim file and the reserves that the insurer established for these claims.[2] Security has resisted responding relying on claims of attorney-client privilege and work product doctrine. Deponents Rigassio and Rubino, who are claims supervisors and designees under Mass.R.Civ.P. 30(b)(6),[3] were instructed not to answer questions relating Security’s claim file, the establishment of reserves, and conversations about Kay’s claims. Kay now seeks to compel that discovery. Security responds both with continued claims of privilege and with a further request to stay discovery as to Count VI and a request to sever the trial of Count VI. Control Point and Bohler join in the request to stay discovery and bifurcate the claim under G.L.c. 93A.
DISCUSSION
The defendants’ requests to stay discovery must be denied because the court has denied similar requests twice before and no new circumstances are present which alter the basis for the prior rejections of the requests to stay. Whether the trial of Count VI should ultimately be severed from the trial on the issue of damages against Control Point and Bohler is a decision best left to the judge who will try this case,[4] but there is no justificationwhich has not previously been considered and rejected by the courtfor delaying the completion of the discovery related to Count VI.
As a general proposition, discovery related to the investigation of Kay’s claims by Security and its claims process in this case is permissible because it is reasonably calculated to lead to the discovery of admissible evidence. Mass.R.Civ.P. 26(b)(1); O’Leary-Alison v. Metropolitan Property & Casualty Insurance Co., 52 Mass.App.Ct. 214, 217 & n.3 (2001); Bolden v. O’Connor Cafe of Worcester, Inc., 50 Mass.App.Ct. 66-67 & n.16 (2000). Similarly, Kay is entitled to the disclosure of information related to the reserves established for this case, but not the amount of reserves, Savoy v. Richard A. Carrier Trucking, Inc., 176 F.R.D. 10, 12 (D.Mass. 1997); communications-between the insured and the insurer not implicating the attorney-client privilege; communications involving the claims supervisors outside the presence of counsel; and Security’s policies and procedures for handling similar claims, i.e., claims of malpractice by surveyors and engineers. The plaintiff however, has not made an adequate showing of its need for the claim files of Security relating to similar claims, and, accordingly, disclosure of information relating thereto is not compelled by this Order.
Because the investigation by Security of Kay’s claims was conducted by, or under the supervision of Attorney Jay Gregoiy, the defendants maintain that certain documents,[5] responses to interrogatories and answers to questions posed at depositions are protected either by the attorney-client privilege, the work product doctrine, or both. This court is persuaded that where, as here, an insurer’s settlement practices are at issue and an outside attorney conducts the investigation of the underlying claim, the product of that investigation and related communications are not, as a general rule, protected by the attorney-client privilege or the work-product doctrine. See, e.g., Mission National Insurance Co. v. Lilly, 112 F.R.D. 160, 163-64 (D.Minn. 1986); St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp., 197 F.R.D. 626, 637-40 (N.D.IA 2000). Thus, for the period that Attorney *633 Gregory and his associates conducted the ordinary business function of claims investigation for Security, their work product, communications to the client and impressions about the facts are outside the protection of the asserted privileges. At the point at which Attorney Gregory assumed a concurrent function as counsel for the insureds Control Point and Bohler and began developing a legal position in connection with this legal action, communications with the client might well be protected by the attorney-client privilege. Because Kay has made the requisite showing that it has a substantial need for these materials and no other means to obtain the information, and the defendants have made no showing to the contrary, the work product doctrine does not prevent disclosure here even at the point that Attorney Gregory has assumed his dual role. See Mass.R.Civ.P. 26(b)(3).
While the point that Mr. Gregory in fact assumed the dual role of claims investigator and legal counsel might be presumed to be when service of the complaint in this case was made in June 2001, the court will give the parties the opportunity to submit pleadings directed solely to this issue. Defendants may make an in camera submission, if necessary, to assist the court in determining the appropriate date after which communications become privileged. Before any party makes any further submission to the court, however, the parties shall confer to determine if agreement can be reached on the scope of disclosures consistent with this Memorandum. All pleadings, including a confirmation that the parties have conferred and have made a good faith effort to resolve these issues, shall be filed on or before August 12, 2003.
Kay’s motion in limine, which seeks to limit the defenses raised at trial to the extent the defendants successfully assert privileges to avoid discovery, is premature given the rulings made herein and the matters left to be determined. In any event, to the extent that the motion remains viable at the time of trial, its resolution is left to the trial judge.
ORDER
For all the foregoing reasons, the plaintiffs motions to compel are ALLOWED, in part, and DENIED, in part, the plaintiffs motion in limine is reserved for the trial judge, the defendants’ requests to stay discovery are DENIED, and the defendants’ motions to sever or bifurcate are reserved for the trial judge. The parties are hereby ORDERED to confer and to make such further submissions as permitted herein in the manner and in the time provided for in this Memorandum.

Kay has sought to get this information in a variety of ways, including discovery directed at Control Point and Bohler which is the subject of Kay’s Further Motion to Compel.

The deponents also are attorneys but they were not providing legal advice to the defendants in this case.

 It should be noted that decisions of Single Justices of the Appeals Court cited to this court by the defendants expressly note concerns for prematurely permitting claims against the insurers to proceed where the liability of the insureds is in dispute. Here, the liability of the insured has been judicially determined.

The documents claimed to be privileged are listed in two Privilege Logs, dated October 15, 2002, and December 4, 2002.