Greco, P.J.
The plaintiff, Veang Cheap (“Cheap”), has appealed the summary judgment entered in favor of the defendant, Encompass Insurance Company (“Encompass”), on her G.L.c. 93A claim.
This suit was commenced as a motor vehicle tort action to recover for the alleged negligence of Bielo Acosta (“Acosta”), Encompass’ insured. A second complaint count sought damages against Encompass under G.L.c. 93A for its alleged unfair settlement practices in violation of G.L.c. 176D, §3(9). The tort claim was tried first before a jury, which assessed actual damages in Cheap’s favor in the amount of $3,800.00. However, the jury also found that Cheap was thirty-five (35%) percent at fault in the accident, which reduced the verdict to $2,470.00. That amount was then adjusted by a deduction of $2,000.00 for the amount of Personal Injury Protection (“PIP”) benefits already paid. Thus, Cheap ultimately recovered damages of $470.00, plus prejudgment interest and costs.
After further discovery was conducted on the G.L.c. 93A claim, Encompass moved for summary judgment. In allowing that motion, the trial judge ruled that the jury’s verdict on the negligence claim “was admissible in evaluating [the] reasonableness of [Encompass’] processing of [the] claim and offer,” that there was “no genuine issue of material fact,” and that “as a matter of law there can be no finding of violations” by Encompass of either G.L.c. 176D or G.L.c. 93A.
The Mass. R. Civ. P., Rule 56, summary judgment materials before the court indicated that Cheap had sent a G.L.c. 93A, §9(3) demand letter to Encompass seeking $7,000.00 to settle her claim. Encompass responded with an initial offer of $2,740.00, which it later raised to $2,850.00. The offers were premised on the assumption that Acosta, Encompass’ insured, was one hundred (100%) percent at fault in the accident from which the claim arose, and that there was, therefore, no comparative negligence on Cheap’s part. If Cheap had accepted Encompass’ offer, she would have recovered $850.00 after the PIP deduction, or, in other words, $380.00 more than she ultimately received after trial.
Section 3(9) (g) of G.L.c. 176D provides that it is an unfair insurance settlement practice to “[c]ompel[] insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.” As noted in Guity v. Commerce Ins. Co., 36 Mass. App. Ct. 339 (1994), this provision “express [es] a legislative purpose to penalize the practice of ‘low balling,’ i.e., offering much less than a case is worth in a situation where liability is either clear or highly likely.” Id. at 343. However, “[a]n insurer’s good faith, but mistaken, valuation of damages does not constitute a violation of c. 176D.” O’Leary-Alison v. Metropolitan Prop. & Cas. Ins. Co., 52 Mass. App. Ct. 214, 218 (2001). ‘“So long as [the insurer] acts in good faith, the insurer is not held to standards of omniscience or perfection; it has *194 leeway to use, and should consistently employ, its honest business judgment.’” Id,., quoting Peckham v. Continental Cas. Ins. Co., 895 F.2d 830, 835 (1st Cir. 1990).
Although these matters ordinarily are appropriately determined by a fact finder, there is no reason why the question whether an insurer has fulfilled its duties under G.L.c. 176D may not be settled in favor of an insurer on a motion [for summary judgment] pursuant to rule 56 [of the Massachusetts Rules of Civil Procedure], in circumstances when undisputed material facts in the record demonstrate that the plaintiff has ‘no reasonable expectation of proving an essential element’ of [its] case.
Bobick v. United States Fid. & Guar. Co., 439 Mass. 652, 659 (2003), quoting Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
With respect to the propriety of summary judgment in this type of cáse, the following language from Bobick is particularly significant:
To be sure, a jury’s verdict is not always predictable and may not constitute in all circumstances a definitive measure of reasonableness. Nevertheless, in circumstances, as here, when an offer timely extended is not substantially less than the amount ultimately determined by the jury to be the proper measure of damages, and in the absence of any evidence to the contrary, a thoughtful fact finder could reach but one conclusion, that the offer in question was reasonable.
Id. at 662. In Bobick, the insurance company had offered the plaintiff $50,000.00 in settlement, which was $10,000.00 less than the principal amount assessed by the jury. The Supreme Judicial Court concluded that the offer “was reasonable as a matter of law.” Id. Here, however, Encompass’ offer was $380.00 more than what the jury assessed. In seeking to distinguish this case from Bobick, Cheap argues that Encompass did in fact “low ball” its offer because that offer was premised on its insured being one hundred (100%) percent at fault. Thus, Cheap argues, the jury determined that she suffered damages in the amount of $3,800.00 (the amount of the verdict before the adjustment for her comparative negligence), whereas Encompass offered only $2,850.00 — a difference of $950.00. Leaving aside the issue of whether this was a significant difference, we conclude that the verdict should not be parsed in this way, and that we should look simply at the bottom-line recovery. The jury’s finding of comparative negligence cuts both ways. It also signified that liability was not clear, thereby excusing Encompass from making any offer. Moreover, Cheap, herself, was in the best position to know the extent of her own negligence and, thus, to assess how good the offer by Encompass was. To look behind the dollar amount of an insurance company’s offer could well take the court down a slippery slope. For example, if the offer amount mirrored the jury’s later finding, but their components (for example, loss of income, pain and suffering, etc.) differed, would an insurance company still be found to have violated G.L.c. 176D? We conclude that this is a road down which it is impractical and unreasonable to travel, and that there is no indication in the opinions of our appellate courts pointing us in that direction.
Finally, Cheap presented no evidence in her summary judgment materials upon which a “thoughtful fact finder” could determine that Encompass’ offer was unreasonable in light of the jury’s verdict. Based principally on the deposition of the claims adjuster in this case, Cheap argues that the adjuster was inexperienced, “had no personal experience with car accident injuries,” was not medically trained, did not accept everything treating doctors stated in their reports, “played with the appraisal estimates to suit her determination as to the force of impact and totally disregarded the properly documented lost wage component.” It is uncontroverted, *195 however, that at the time of Cheap’s loss, the adjuster had over nine years of experience as an adjuster, five with a different insurance company and more than four with Encompass; that she had in-house training at Encompass with a senior adjuster; that she completed a sixty-hour online course on bodily injury; that she had been adjusting bodily injury cases for eight months prior to being assigned to Cheap’s claim; and that Cheap’s G.L.c. 93A demand was also reviewed by the adjuster’s supervisor. On the other hand, it seems clear that the adjuster put more stock in the medical reports of a doctor than in those of Cheap’s chiropractor. The only fair reading of the adjuster’s deposition in its entirety, however, is that the adjuster was qualified to handle this type of soft tissue injury claim, that she examined the relevant documents, and that she made a good faith judgment. In view of the attack on the adjuster’s qualifications and competence, it is interesting to note that the offer made by Encompass was only $950.00 less than the verdict before any reduction for comparative negligence, while the demand letter of Cheap’s counsel sought $3,200.00 more than the verdict. In sum, this was a garden-variety minor motor vehicle accident that prompted a garden-variety settlement offer. It is clearly not in the G.L.c. 93A ballpark.
Judgment for the defendant is affirmed. Appeal dismissed.
So ordered.