Hand, J.
The plaintiff, N.E. Physical Therapy Plus, Inc. (“NEPT”), appeals the trial court’s allowance of defendant Commerce Insurance Company’s (“Commerce”) motion for summary judgment on NEPT’s claims under G.L.c. 93A, §!!.[1] For the reasons set forth below, we vacate the summary judgment on count 1 of NEPT’s complaint, within which those claims are set forth.
Summary judgment may be granted only where there remain no genuine issues of material fact, and where the moving party is entitled to a judgment as a matter of law. Mass. R. Civ. R, Rule 56 (c);LaLonde v. Eissner, 405 Mass. 207, 209 (1989); Unisys Fin. Corp. v. Allan R. Hackel Org., 42 Mass. App. Ct. 275, 279-280 (1997). The bur *224 den is on the moving party to establish both the absence of any triable issue and the movant’s entitlement to judgment in his favor. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991); Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). This affirmative burden may be met by the submission of pleadings, depositions, answers to interrogatories, admissions on file, affidavits, or other competent documentary evidence that satisfies the requirements of Rule 56 (e). Where, as here, the moving party would not bear the burden of proof at trial, the movant may satisfy its summary judgment burden by submitting evidence that negates an essential element of the opposing party’s claim, or by demonstrating that “proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
The court must view the parties’ evidentiary materials “in the light most favorable to the nonmoving party,” Gray v. Giroux, 49 Mass. App. Ct. 436, 438 (2000), quoting Mass. R. Civ. R, Rule 56(c), and must resolve in the nonmovant’s favor any doubt as to the existence of factual issues. Foley v. Matulewicz, 17 Mass. App. Ct. 1004, 1005 (1984); Knight v. CNA Ins. Cos., 2002 Mass. App. Div. 3, 5. The court may not assess the credibility of the evidence presented, consider the weight of that evidence, or make any findings of fact. Riley v. Presnell, 409 Mass. 239, 244 (1991).
The record here, viewed in the light most favorable to NEPT, shows that at all times relevant to this action, NEPT has been a provider of physical therapy services. Commerce’s insured, Shawn Camuso-Sullivan (“insured”), advised Commerce in August, 2004 that he had been involved in an automobile accident. The insured was entitled to Personal Injury Protection (“PIP”) coverage under a Commerce automobile policy. Between November 8, 2004 and February 14, 2005, the insured treated with NEPT; the insured claimed that his treatment with NEPT was related to the automobile accident. NEPTs bills for these services, totaling $3,044.61, were submitted timely to Commerce for payment under the PIP provisions of Commerce’s automobile policy, and remained unpaid for more than 30 days after their submission.[2] Commerce had some or all of those bills evaluated by Coventry Healthcare Worker’s Compensation, Inc.; Eugene R. Boeglin, Jr., DPT, OCS; or Glen Dodes, D.C.[3] Commerce recognized its responsibility for NEPT’s billings through January 17, 2005, and paid at least some of the bills submitted for services before that time period, but it declined to pay $1,203.39 in NEPT charges for services to the insured after January 17, 2005. NEPT filed suit against Commerce on June 9, 2008, alleging, among other claims, violations of G.L.c. 93A, §11. On February 18,2009, Commerce *225 paid the disputed $1,203.39 balance of the insured’s PIP submissions.[4] The record includes no more detail than recited here concerning the timing of, procedure followed during, or rationale for Commerce’s handling of NEPT’s billings.
As an initial matter, we note that Commerce’s burden in moving for summary judgment on a claim under G.L.c. 93A, §11 is not easily met. “Whether a given practice is unfair or deceptive under G.L.c. 93A must be determined from the circumstances of each case.” Noyes v. Quincy Mut. Fire Ins. Co., 7 Mass. App. Ct. 723, 726 (1979). See Schwanbeck v. Federal-Mogul Corp., 31 Mass. App. Ct. 390, 414 (1991), S.C., 412 Mass. 703 (1992), citing Spence v. Boston Edison Co., 390 Mass. 604, 616 (1983) (ordinarily, “whether a particular set of acts, in their factual setting, is unfair or deceptive [under G.L.c. 93A] is a question of fact”). See also Chervin v. Travelers Ins. Co., 448 Mass. 95, 112 (2006) (same); Brewster Wallcovering Co. v. Blue Mountain Wallcoverings, Inc., 68 Mass. App. Ct. 582, 604 n.52 (2007) (same). In the context of these claims, “[rjesolution of the basic dispute under the circumstances of [a] case depends upon a factual determination of [the insurer’s] knowledge and intent.” Noyes, supra at 726. Intent is, of necessity, a question of fact, and so is rarely amenable to determination on summary judgment. See, e.g., Madden v. Estin, 28 Mass. App. Ct. 392, 395 (1990), citing Quincy Mut. Fire Ins. Co. v. Abernathy, 393 Mass. 81, 86 (1984) (“When intent is at the core of a controversy, summary judgment seldom lies.”).
NEPTs allegation that “[t]he actions, omissions, conduct, and/or delays of defendant as set forth [in the complaint] ... were willful and knowing and are ... unfair or deceptive acts ... in violation of G.L.c. 93A” sets the stage for a multifaceted claim under §11, attacking the propriety of Commerce’s overall handling of the claim in this case. See Boehm v. Commerce Ins. Co., 2003 Mass. App. Div. 39, 41, quoting Schwartz v. Travelers Indem. Co., 50 Mass. App. Ct. 672, 676 (2001) (“Whether the insurer eventually pays the claim and honors the contract, its method of conducting the claims settlement process, and the payment strategy it adopts, can implicate liability under... c. 93A.”). Among the questions raised by NEPT’s allegations are what actions Commerce took in evaluating NEPTs claims, including whether its investigation of the claims involved a medical record review complying with the requirements of G.L.c. 90, §34M;[5] its reasoning for what it did or failed to do in the course of that investigation, see Noyes, supra at 726; and whether the timing of the payments Commerce ultimately made was reasonable. See Columbia Chiropractic Group, Inc. v. Trust Ins. Co., 430 Mass. 60, 64-65 (1999) (while, under G.L.c. 90, §34M, insurer generally has right to investigate claim, unreasonable delay in paying bills submitted under PIP, or in sending timely notice of insurer’s intention not to pay, may violate G.L.c. 93A); Boehm, supra (same, in context of motion to dismiss). While *226 Commerce could have presented admissible evidence on these issues by including in its summary judgment materials any relevant, unprivileged portions of its claims file, see G.L.c. 233, §78 (establishing business record exception to hearsay rule), it did not do so. Instead, Commerce’s summary judgment motion relies heavily, if not exclusively, on the affidavit of Commerce employee Dharmendra Acharya (“Affidavit”). The Affidavit is composed almost entirely of the affiant’s facile and con-clusory characterizations of Commerce’s claims records. Even if the Affidavit were admissible in its entirety, a question we do not reach here,[6] Commerce’s summary judgment materials provide no insight into Commerce’s strategy for handling NEFTs claims; into the particulars of Commerce’s decision-making process with respect to those claims; into the results of any expert review of the claims; or, in fact, into any of the subjective questions on which G.L.c. 93A claims generally rise and fall. With these questions remaining, Commerce is not entitled to judgment in its favor as a matter of law.[7]
Accordingly, we vacate the summary judgment in Commerce’s favor on count 1 of NEPTs complaint. The case is returned to the Quincy District Court for trial on that count.
So ordered.

 Commerce was granted summary judgment on each of the plaintiff’s five claims against it; the plaintiff appeals only the court’s ruling on the G.Lc. 93A claim.

 This fact gives NEPT standing to bring the instant action. See Provenzano v. Plymouth Rock Assur. Corp., 2008 Mass. App. Div. 68, 69, quoting G.L.c. 90, §34M (if PIP payments for medical bills are not made by insurer within thirty days, treating practitioner “shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment”).

 There is no evidence in the record indicating which bills or records were submitted to Coventry Healthcare Worker’s Compensation, Inc., which to Boeglin, and which to Dodes; about the timing of the bills’ or records’ review; or about the specific details of any reviewer’s conclusions.

 This payment extinguished NEPT’s claims under G.L.c. 90, §34M, Provenzano, supra at 69, citing Fascione v. CNA Ins. Cos., 435 Mass. 88, 94 (2001), but is not necessarily fatal to NEPT’s claims under G.L.c. 93A. Id., citing Amart v. Plymouth Rock Assur. Corp., 2004 Mass. App. Div. 131, 132.

 For example, whether Commerce ensured that any medical review of NEPT’s bills was conducted by a practitioner registered or licensed in the same specialty as that practiced by those for whose services NEPT billed. See G.L.c. 90, §34M.

 On appeal, NEPT argues that its motion to strike the Affidavit on hearsay grounds, never acted on by the trial court, should have been allowed. Because we find that even if the Affidavit were admissible in its entirety, Commerce is not entitled to summary judgment on NEPT’s G.L.c. 93A claims, we do not reach the issues relating to the admissibility of the Affidavit.

 With respect to Commerce’s argument that NEPT has any burden of proof on Commerce’s summary judgment claim as to the c. 93A violation, we find Commerce’s showing on its motion to have been insufficient to have shifted the burden of proof to NEPT on that claim. See, e.g., Dattoli v. Hale Hosp., 400 Mass. 175, 178 (1987) (burden of proof shifts to party opposing summary judgment only after moving party satisfies prerequisites to summary judgment); Madsen v. Erwin, 395 Mass. 715, 719 (1985) (same).