Curtin, J.
Following a jury-waived trial, the judge rejected the plaintiffs argument that the defendant-insurer had violated G.Lc. 93A and G.Lc. 176D, §3(9) (f) in failing to investigate and settle promptly the plaintiffs claim for G.Lc. 90, §34M personal injury protection (“PIP”) benefits. The plaintiff filed this Dist/Mun. Cts. R. A. D. A, Rule 8C, appeal.
Patricia Genest (“Genest”) sustained injuries in an automobile accident on April 26, 2005 while riding as a passenger in a vehicle insured by Commerce Insurance Company (“Commerce”). In May, 2005, she filed a PIP claim with Commerce. Commerce, in turn, scheduled an independent medical examination (“IME”) of Genest for October 31, 2005, and selected Dr. Charles G. Brennan (“Dr. Brennan”) to perform the exam. Genest complained at the examination of pain in her neck and left hip or lower back. While he confirmed her neck strain, Dr. Brennan concluded that Genest’s lower back pain was not related to the accident. He recommended two additional months of massage and physical therapy.
Genest underwent a second IME on January 16, 2006, complaining of continuing pain in her neck and left hip or lower back. Regarding her neck pain, Dr. Brennan stated in his January 23, 2006 report that Genest had reached “maximum medical improvement and is at a medical end result.” As to her hip or lower back, he stated that “[tjhere is nothing in [Genesf s] medical records... that would indicate that her left lower back pain is directly related to the motor vehicle accident... It is my opinion that any injuries directly sustained in the minor motor vehicle accident... have resolved.” Dr. Brennan, thus, concluded that “hands-on treatment, as far as massage therapy and physical therapy, could be discontinued at any time.”
Based on the IME report, Commerce notified Genesfs counsel, in a letter dated January 24,2006, that it would not pay PIP benefits for any medical services provided to Genest after January 24, 2006. Genest thereafter received treatment from Dr. Margaret A Robinson (“Dr. Robinson”), a physiatrist, for lower back pain on February 2, 2006 and November 30,2006, incurring an additional $250.00 in medical expenses. Genest submitted this bill to Commerce on June 18,2007. Relying on the IME report, Commerce refused to pay for such treatment, citing an “IME cutoff date of 1/30/06.”[1]
*102 On July 10, 2007, Genest sent Commerce a G.L.c. 93A letter demanding payment of $250.00, or a reasonable offer of settlement. Commerce responded on July 25, 2007 by denying liability.
On January 23,2008, Genest sued Commerce for failure to pay PIP benefits under G.Lc. 90, §34M, and for unfair settlement practices under G.L.c. 93A and G.L.c. 176D. Commerce paid $250.00 to Genest in May, 2008. The parties thereafter stipulated to the dismissal of Genest’s G.Lc. 90, §34M claim.
A jury-waived trial on Genest’s remaining G.L.c. 93A claim was held on May 18, 2009. The sole witness, Jennifer Buffone (“Buffone”), an adjuster at Commerce, testified that (1) in June, 2007, Buffone denied Genest’s request for payment of Dr. Robinson’s $250.00 bill based on Dr. Brennan’s IME report; (2) in February, 2008, Buffone offered $250.00 to Genest’s counsel in full settlement of her claim, which Genest’s counsel rejected; and (3) in May, 2008, Commerce paid Dr. Robinson’s $250.00 bill solely for “economic reasons.”
Based on the evidence at trial and arguments of counsel, the trial judge found that Commerce had reasonably relied on Dr. Brennan’s IME report in declining to pay Dr. Robinson’s bill to Genest for $250.00, and ruled that Commerce had not violated G.L.c. 93A Judgment was entered for Commerce on May 26, 2009.
The payment by Commerce of Dr. Robinson’s $250.00 bill extinguished Genest’s claim under G.L.c. 90, §34M. Fascione v. CNA Ins. Cos., 435 Mass. 88, 94 (2001); Provenzano v. Plymouth Rock Assur. Corp., 2008 Mass. App. Div. 68, 69. But that payment was not necessarily fatal to Genest’s claim under G.L.c. 93A. N.E. Physical Therapy Plus, Inc. v. Commerce Ins. Co., 2009 Mass. App. Div. 223, 225 n.4; Provenzano, supra.
“Resolution of a G.L.c. 93A claim, including the issue of bad faith, depends on a factual determination of the defendant’s knowledge and intent.” O’Leary-Alison v. Metropolitan Prop. & Cas. Ins. Co., 52 Mass. App. Ct. 214, 217 (2001). “We will not disturb a judge’s ultimate finding in a c. 93A claim unless the finding is clearly erroneous or inconsistent with the relevant legal standards.” O’Sullivan v. Hlngham Mut. Fire Ins. Co., 2009 Mass. App. Div. 154, 157, quoting Clegg v. Butler, 424 Mass. 413, 420 (1997).
To prevail in an action for unfair settlement practices under G.L.c. 176D, §3(9) (f), the plaintiff must show that the defendant failed to make a prompt, fair, and equitable settlement offer when liability had become reasonably clear. In determining whether an insurer’s liability was “reasonably clear” for G.Lc. 176D purposes, the test is “whether a reasonable person, with knowledge of the relevant facts and law, would probably have concluded, for good reason that the insurer was liable to the plaintiff “ O’Sullivan, supra, quoting Demeo v. State Farm Mut. Auto. Ins. Co., 38 Mass. App. Ct. 955, 956-957 (1995).
In this case, Commerce reasonably relied on the IME of Genest performed by Dr. Brennan in declining to pay Dr. Robinson’s $250.00 bill for treatment of Genest’s lower back. Dr. Brennan specifically concluded that “[tjhere is nothing in [Geneses] medical records ... that would indicate that her left lower back pain is directly related to the motor vehicle accident. ... It is my opinion that any injuries directly sustained in the minor motor vehicle accident ... have resolved.” Subsequently, Commerce made a business decision to pay Dr. Robinson’s bill to avoid further litigation costs. Based on the evidence presented, there was no error in the trial judge’s conclusion that Commerce’s liability to Genest had not become reasonably clear. *103 See O’Leary-Alison, supra at 217-218 (liability of defendant-insurer’s insured not reasonably clear under G.L.c. 176D, §3 (9) (f), in part, because independent medical examiner found no physical condition warranting treatment); Boehm v. Hanover Ins. Co., 2009 Mass. App. Div. 73, 74-75 (affirming summary judgment for defendant-insurer on plaintiff-chiropractor’s claim for unfair insurance practices in denial of PIP benefits where insurer relied on IME declaring bills for treatment medically unnecessary).
Genest’s sole argument, raised for the first time on appeal, that Commerce’s eleven-month delay in tendering payment, together with its failure to include interest in its tender, constituted unfair or deceptive acts or practices is without merit, given that Commerce had no obligation to offer any settlement, or make any payment, to Genest when its liability was not reasonably clear. See O’Leary-Alison, supra at 217.
Judgment affirmed.
So ordered.

 Commerce offers no explanation for the change in the IME cutoff date from January 24,2006 to January 30, 2006. The change is immaterial, in any event, given that the earlier of the two dates on which Genest received treatment from Dr. Robinson was February 2, 2006 and, thus, beyond either cutoff date.